[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal filed by the State of Connecticut from a decision of a Family Support Magistrate dismissing the State's Motion to Modify a support order previously rendered in the State of Florida and subsequently registered in the State of Connecticut. Following the State's appeal, the matter was assigned to the Family Short Calendar Docket on May 28, 1996 when the court ordered the appellant to file its brief by June 25, 1996 with the further provision that the respondent's brief was due by July 20, 1996. Since the Short Calendar hearing, the appellant has filed a timely brief. The respondent, however, has filed no brief. Given the substantial passage of time since the respondent's brief was due, the court has determined to render its decision in the absence of the respondent's brief.
Based on its review of the court file and the appellant's brief, the court makes the following findings and order.
On December 27, 1994, the Circuit Court for the Judicial Circuit in and for St. Lucie County, Florida, in Docket Number 94-167-FR-01, rendered a final judgment of marital dissolution in an action commenced by Daniel R. Rushlow, as petitioner, against Christen M. Rushlow, as respondent. In its judgment, the Court approved and incorporated by reference a certain mediation agreement entered into between the parties in which they agreed, inter alia, that the parties would share joint legal custody of CT Page 7910 their one minor child, Hannah Victoria Rushlow, born August 11, 1992, with primary residence to be with the respondent wife in the State of Connecticut. Additionally, the agreement provided, and the court ordered, that the petitioner would pay the sum of thirty five ($35.00) dollars a week as child support to the respondent, payable through the Clerk of the Court.
Subsequently, in Case Number 94-1625 FR-06 captioned Christen Rushlow v. Daniel Rushlow, which was consolidated with the marital dissolution file, the Florida Circuit Court entered orders pursuant to a stipulation of the parties that Mr. Rushlow pay the weekly sum of five ($5.00) dollars on retroactive child support found to be owed in the total amount of eight thousand one hundred thirty one dollars and eighty cents ($8131.80). It appears from a review of the Court's file that this action for a determination of retroactive child support due was instigated by the State of Connecticut as a result of the fact that Christen Rushlow had been residing in Connecticut and receiving AFDC payments in Connecticut while her husband had an obligation to pay child support. This order concerning the payment of retroactive child support did not modify the terms of the marital dissolution judgment in regard to the payment of current child support.
On July 26, 1995, the State of Connecticut, on behalf of Christen Rushlow, notified Daniel Rushlow of its registration of the Florida judgment in accordance with the terms of Connecticut General Statutes § 46b-198b-c. This notice included a claim made by the State of Connecticut that Mr. Rushlow was then in arrearage in the amount of eight thousand four hundred thirty one dollars and eighty cents ($8431.80) on account of the Florida judgment.
Mr. Rushlow filed no objection to the registration of the Florida judgment in Connecticut.
On August 25, 1995, in this court, Christen Rushlow filed a Motion to Modify the support provision of the December 27, 1994 judgment of the Florida court. A copy of this motion was served in hand on Mr. Rushlow. Subsequently, on October 2, 1995, Attorney Thomas A. Amato appeared on his behalf.
On February 13, 1996, at the hearing on Christen Rushlow's Motion to Modify before the Family Support Magistrate, she was represented by the State of Connecticut pursuant to the terms of C.G.S. § 46b-186. During the hearing, there was undisputed CT Page 7911 evidence, adduced by counsel's representation, that both parties were now residing in the State of Connecticut, though in different Judicial Districts. Following argument by counsel, the Family Support Magistrate dismissed the Motion to Modify on the basis that it should not have been filed under provisions of the Uniform Reciprocal Enforcement of Support Act (URESA). (Transcript of hearing before the Family Support Magistrate, dated February 13, 1996) While the Magistrate's reasoning was not explicit, it appears, from a reading of the entire transcript, that the Magistrate dismissed the Motion to Modify on the basis that the Florida Judgment had been improperly registered in the State of Connecticut. This appeal followed.
The issue presented in this appeal is whether URESA, as adopted in Connecticut, permits the registration in Connecticut of a Florida child support order in a circumstance in which both the obligee and the obligor reside in the State of Connecticut.
The Florida judgment requiring Mr. Rushlow to pay child support imposed a "duty of support" as defined by C.G.S. §46b-180(4). This judgment was properly registered in the State of Connecticut pursuant to applicable provisions of C.G.S. § 46b-198b. Once the Florida order was properly registered in the State of Connecticut, Mrs. Rushlow, or the Attorney General on her behalf, was entitled to seek enforcement and modification of the Florida order pursuant to applicable provisions of C.G.S. § 46b-198c.
While it is clear from a reading of the hearing transcript that the Magistrate thought it inappropriate for the Attorney General of Connecticut to utilize the provisions of URESA to seek modification of a Florida judgment on behalf of a Connecticut resident against another Connecticut resident, the court finds no language in URESA which prohibits its intrastate application. In fact, the court notes considerable decisional expressions from other States as reported in the respondent's brief that the provisions of URESA should be construed broadly to ensure the payment of child support. cf. Westphal v. Palmer, 480 S.W.2d 277
(1979); Keller v. Keller 156 Ill. App. 513, 509 N.E.2d 142
(1987); People ex rel LeGout v. Decker 586 N.E.2d 1257 (Ill. 1992).
To the extent that the dismissal of this matter resulted from the Magistrate's belief that there are means more appropriate than the provisions of URESA through which the State could have CT Page 7912 sought to modify the Florida judgment in this instance, the Magistrate's view of the limited application of URESA is not supported at law. Indeed, C.G.S. § 46b-181, in reference to URESA, explicitly states that . . . "The remedies herein provided are in addition to and not in substitution for any other remedies."
A decision of the Family Support Magistrate may be reversed or modified on appeal if substantial rights of the appellant have been prejudiced because the decision of the Family Support Magistrate is: "(A) In violation of constitutional or statutory provisions . . . or, (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." C.G.S. § 46b-231 (7). Since the procedures followed by the Attorney General in this matter are authorized by statute, it was error for the Magistrate to dismiss the petition. Accordingly, the Magistrate's decision is reversed and the matter is remanded to the Family Support Magistrate to resume proceedings not inconsistent with this decision.
BISHOP, J.