FYE v. TUBBS

5-3850                                        401 S. W. 2d 752

Opinion delivered April 11, 1966

[Rehearing denied May 16, 1966.]

*Wilton E. Steed,* for appellant.

*Reinberger, Eilbott, Smith & Staten,* for appellee.

GEORGE ROSE SMITH, Justice. This is a child custody dispute. Orville Tubbs, the appellee, obtained a divorce in October, 1962, for personal indignities. The oldest of the couple's four children was then eight years of age. The decree gave the custody of all four children to their mother during the nine months of the school year and to their father during the three summer months. After the divorce both parties remarried. Since 1964 the appellant has lived in Port Huron, Michigan, with her husband, Charles Fye. The appellee and his wife live in Pine Bluff.

In July, 1965, while the children were with their father in Arkansas, he filed the present petition for a change of custody. When the matter was presented to the court in August Judge Dawson, who had presided in the original case, was ill. To accommodate the litigants the other chancellor for the district, Judge Morrison, heard the testimony on the motion for a change of custody. At the end of the hearing Judge Morrison, after expressing his reluctance to pass upon a matter originally assigned to Judge Dawson, announced that he was not making a final decision. Instead, he entered a temporary order extending the father's summer custody for an additional nine months and postponing a final determination, by one chancellor or the other, until the end of the ensuing school year. That order, although in form temporary, is appealable. *Wood* v. *Wood,* 226 Ark. 52, 287 S. W. 2d 902 (1956).

At the hearing in the court below both parties developed their testimony fully. More than a dozen witnesses testified. There is no reason to think that a second hearing is needed. It is appropriate for us to try the

matter *de novo,* as is our practice in equity, and reach a decision upon the merits.

The appellee's proof falls decidedly short of establishing either the mother's unfitness to have the care of her children or such a change in conditions as to call for a modification of the original decree. Most of the testimony involves trivialities. Tubbs and his present wife state that when they picked up the children in June the children were wearing faded clothes and worn-out tennis shoes. The Tubbses complain that the Fyes' home in Michigan was untidy, with dirty dishes in the kitchen at ten o'clock in the morning. Their principal supporting witnesses are Tubbs's sister and brother-in-law, who lived with the Fyes in Michigan for several months. We are not impressed by these witnesses' criticism of conditions in the Fye home, for both of them continued to live there, apparently rent-free, despite the matters that they now profess to disapprove of. On the other hand, several of the Fyes' close neighbors in Port Huron thought the home to be a suitable place for the children. The petition for a change of custody must be denied on its merits.

We appreciate Judge Morrison's hesitancy to act in a case more familiar to Judge Dawson, but we cannot sanction the temporary order that was entered. The application for a modification of the decree ought to have been rejected. The children's best interests were not furthered by the extension of their stay in Arkansas, involving, as it did, a transfer to different schools and a regrettable state of uncertainty on the part of everyone concerned. The school year, however, now has only a few weeks to run. To avoid a second disturbance in the children's education we think it best for them to remain in Pine Bluff until the end of the present term. At that time, subject to the court's continuing power to modify the decree for cause, custody of the children will revert to their mother until June of 1967, when the arrangement fixed by the original decree will be resumed.

Reversed and remanded for the entry of a decree in harmony with this opinion.