Barry JAMES *v.* Leann JAMES

CA 94-1260                                    914 S.W.2d 773

Court of Appeals of Arkansas
Division II
Opinion delivered February 7, 1996

*Michael J. Medlock*, for appellant.

*Gary R. Cottrell*, for appellee.

MELVIN MAYFIELD, Judge. Barry James appeals from an order of the Chancery Court of Crawford County. He contends the trial court erred in awarding judgment for child support arrearage which accrued after the parties' oldest child, Jacy, reached eighteen, and in granting any relief to appellee Leann James because she failed to file any written pleadings asking for relief.

The parties were divorced in July 1987. At that time their three children, Jacy, Ben, and Cody were minors. Appellee Leann James was awarded custody of the children, and the appellant was ordered to pay $450 a month in child support and to maintain medical and hospitalization insurance on the children. On October 8, 1990, the court entered a supplemental order regarding visitation and the matter of claiming the children as income tax exemptions.

On July 8, 1992, appellant filed a statement with the chan-

cery court clerk's office which said that "Jacy James became age 18 of July 5th. I am now stopping child support payments. Based by your pay scale I am to pay 360.00 mo." However, he did not file any motion to modify the divorce decree until May 5, 1994, when he filed a pleading entitled "Motion for Modification" in which he requested that the previous court orders be modified.

Appellee, who lives in Kansas City, Kansas, did not file a response to appellant's motion, but appeared with counsel at the hearing held July 6, 1994.

Appellant testified that since the divorce he kept a policy of medical insurance on the minor children, but he had taken Jacy off the policy despite the fact that Jacy could have been covered at no extra cost. Appellant said he chose not to keep Jacy covered because appellee would not pay $70 a month for his insurance. Appellant testified further that when Jacy turned 18 appellant began paying reduced child support of $360 based upon "the chart" the clerk gave him.

The appellee testified that when she discussed keeping Jacy insured appellant said, "Pay me $80.00 a month and I will keep him on that." She said that she talked with Blue Cross and discovered the insurance was free as long as Jacy was a full-time student. The appellee also testified that appellant quit paying the full $450.00 child support on July 5, 1992.

In an order entered August 31, 1994, the chancellor granted judgment to the appellee in the amount of $2,160.00 for the $90.00 per month for the 24 months of reduced child support paid by the appellant. The chancellor also incorporated the standard order concerning medical and dental expenses, but directed appellant to keep the medical insurance at his place of employment in effect; did not require the appellee to obtain insurance because of the increased cost to her; and directed appellant to carry Jacy on his policy as long as he could do so at no extra cost.

On appeal, appellant argues the chancellor erred in awarding judgment for the arrearage and in granting any relief to the appellee because she failed to file written pleadings asking for relief. He also argues that he owed no obligation for child sup-

port after Jacy reached the age of 18.

■ Appellant contends Ark. R. Civ. P. 12(a) requires a party to file "his Answer within twenty (20) days after the service of Summons."

Arkansas Rule Civil Procedure 7(a) provides:

> (a) Pleadings Allowed. There shall be a complaint and an answer; a counterclaim; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third party answer, if a third party complaint is served. No other pleadings shall be allowed.

But the appellee was not served with a complaint. The appellant simply filed a "Motion for Modification" requesting that the trial court modify its previously entered orders. Arkansas Rule Civil Procedure 7(b) entitled "Motions and Other Papers," contains no requirement of an "answer." Therefore, appellee was not required to file an answer.

Appellant also contends that he was at a "complete disadvantage and materially prejudiced by the judgment entered herein having absolutely no notice of any claim of the Appellee." We do not agree.

The decree of divorce provided that the appellant shall "pay the sum of $450.00 per month as and for child support" and "maintain a policy of hospitalization and medical insurance on said children." Appellant's motion asked the chancellor for "modification of the Court Orders previously entered herein"; to apply the "Standard Medical Order"; and for "any and all other relief that may be necessary and proper whether prayed for herein or not."

■ The trial court granted appellant's request as to the Standard Medical Order except for the requirement that appellant continue to maintain a policy of hospitalization and medical insurance on Jacy. We do not think appellant was prejudiced by remaining in the same position in regards to providing medical insurance as before. We therefore affirm the chancellor's holding

on this point.

In regard to appellant's child support obligation, the chancellor granted judgment in the amount of $2,160.00 because the amount ordered by the Court previously was $450; there was no court order reducing that amount; and child support becomes a judgment as it is accrued. The chancellor stated that he was relying on the statutory provision that child support payments are reduced to judgment as they accrue and become due. *See Burnett* v. *Burnett*, 313 Ark. 599, 855 S.W.2d 952 (1993), applying Ark. Code Ann. §§ 9-12-314(b)(c) (Repl. 1991) and 9-14-234(a)(b) (Repl. 1991). These statutes provide that any decree, judgment, or order which contains a provision for payment of child support shall be a final judgment as to any installment or payment of money which has accrued. *See Roark* v. *Roark*, 34 Ark. App. 250, 809 S.W.2d 822 (1991). *See also Jerry* v. *Jerry*, 235 Ark. 589, 361 S.W.2d 92 (1962) (a father cannot, on his own volition, reduce his child support payment when one of his children turns eighteen).

▮▮▮ Because the appellant reduced his child support payments when Jacy became 18 without filing a motion to modify child support, the chancellor held that the court could not retroactively reduce the appellee's child support arrearages which had become final judgments. However, Act 326 of 1993 [codified as Ark. Code Ann. § 9-14-237 (Repl. 1993)] became effective August 13, 1993, and provides:

> (a)(1) An obligor's duty to pay child support for a child shall automatically terminate by operation of law when the child reaches eighteen (18) years of age or should have graduated from high school, whichever is later, or when the child is emancipated by a court of competent jurisdiction, marries, or dies, unless the court order for child support specifically extends child support after such circumstances.

Section 9-14-237(b)(1) and (2) further provide:

> (b)(1) If the obligor has additional child support obligations after the duty to pay support for a child terminates, the court shall reassess the remaining obligations using the family support chart pursuant to § 9-12-

312(a)(2).

> (2) In the event a review is requested, the court shall apply the family support chart for the remaining number of children from the date of the termination of the duty, subject to any changed circumstances, which shall be noted in writing by the court.

But it is presumed that all legislation is intended to act prospectively, and statutes are to be construed as having only a prospective operation unless the purpose and intention of the legislature to give them a retroactive effect is expressly declared or necessarily implied from the language used. *Chism* v. *Phelps*, 228 Ark. 936, 311 S.W.2d 297 (1958). Looking at Act 326, we find no express language that the act is intended to operate retroactively. Nor is there an emergency clause. Therefore, we cannot say the legislature intended for that Act to operate retroactively.

Jacy turned eighteen on July 5, 1992. Appellant did not file a motion to modify child support, therefore appellant's child support obligation continued. However, under Act 326 appellant's child support obligation for Jacy terminated by operation of law on August 13, 1993, the effective date of the Act, and the chancellor erred in awarding child support arrearage for Jacy beyond that date. Pursuant to § 9-14-237(b)(1) and (2) quoted above, the chancellor should reassess the appellant's support obligation for the two younger children using the family support chart for the period beginning August 13, 1993, the effective termination date of his duty to pay support for Jacy.

We therefore affirm the chancellor's order in part but reverse the finding on arrearage and remand on this issue for entry of an order in keeping with this opinion.

PITTMAN and ROBBINS, JJ., agree.