Christine M. JONES *v.* Jerry A. JONES

97-212                                          940 S.W.2d 881

Supreme Court of Arkansas
Opinion delivered April 7, 1997

*McNutt Law Firm*, by: *Mona J. McNutt*, for petitioner.

*Lueken Law Firm*, by: *Patty J. Lueken*, and *Helen Rice Grinder*, for respondent.

PER CURIAM. On November 4, 1996, this court held that the chancellor erred in finding material changes in circumstances existed that warranted the modification of the parties initial custody order. We reversed the chancellor's order changing custody of the parties' child to Dr. Jones and remanded with instructions to reinstate the original custody order which awarded Christine Jones custody of the child. *See Jones v. Jones*, 326 Ark. 481, 931 S.W.2d 767 (1996). The court's mandate in *Jones* was issued on November 22, 1996, but for some reason, the chancery court delayed reinstating the original custody order, prompting Ms. Jones's filing a petition on December 12, 1996, requesting enforcement of this court's mandate. On December 13, 1996, we issued a per curiam directing the chancery court to reinstate the original custody order *forthwith*. *Jones v. Jones*, 326 Ark. 828, 933 S.W.2d 810 (1996). The chancery judge reinstated the order.

Subsequently, the parties entered a consent order establishing certain, but not all, visitation rights sought by Dr. Jones. A hearing on the disputed visitation matters was held on February 11, 1997. However, before the February 11 hearing commenced, Dr. Jones filed a petition for change of custody and served it on Ms. Jones. The petition largely rehashed the custody-dispute history between the parties beginning in the early 1990's to this court's decisions on November 4, 1996, and December 13, 1996. Dr. Jones's petition added the following:

That since custody has been reinstated to the [Ms. Jones] as per the original custody order, [Dr. Jones] has attempted to contact the minor child by telephone, to no avail on many occasions. When Dr. Jones does reach the child, the child acts totally out of character in the conversation either by being reluctant to talk with Dr. Jones or simply putting the telephone down.

Dr. Jones's petition concluded, asking for his petition to be heard by a judge who will apply the proper standard of proof so the minor child's best interest will be addressed and Dr. Jones would be afforded due process. He further asked that a neutral expert and attorney ad litem be appointed and that Ms. Jones's mental health and stability be addressed.

During the February 11, 1997 visitation hearing, Ms. Jones asserted the chancellor revealed that he had already set a hearing to consider Dr. Jones's custody petition. Ms. Jones also complained that, during the visitation hearing, Dr. Jones's expert witness, Dr. Becky Porter, was permitted to testify at the visitation hearing to opinions she had formed and related at the parties' earlier custody proceeding. While the chancellor indicated he did not want to go through and rehash everything *right now* ("We'll have to do that at some point in the future"), the chancellor permitted Porter to opine her views on the parties' child and Ms. Jones's instability.

Ms. Jones brings this petition for writ of prohibition, stating that the chancery court is wholly without jurisdiction to rehear the custody issue already decided by this court. She further argues that the chancery court has no power to redetermine the "emotional needs" issue previously decided. Basically, she suggests that Dr. Jones intends to retry and appeal the same custody issue a third time.

Dr. Jones responds, asserting that whatever errors this court found occurred at the parties' last (and second) custody hearing resulted from the chancellor's actions, not Dr. Jones's. He says he should not be punished because the chancellor erred in improperly imposing the burden of proof on Ms. Jones and that he should now be allowed to have a chancellor correctly address the "emotional needs" and "best interests" of the child issues not correctly tried by the prior chancellor. Finally, Dr. Jones cites *Earney*

*v. Brantley*, 309 Ark. 190, 828 S.W.2d 832 (1992), for the proposition that *res judicata* is an affirmative defense to be raised in the trial court and presents no question of jurisdiction. Further, absent a showing that the trial court is acting without or in excess of its jurisdiction, Dr. Jones claims a writ of prohibition may not be granted.

■ We agree with Dr. Jones that *Earney* controls here and that Ms. Jones's remedies must be sought below. We add that Rule 11 sanctions may also be requested at trial and now on appeal if the attorney or party initiates a frivolous proceeding or appeal in violation of the dictates of those rules. *See* ARCP Rule 11 and Ark. R. App. P.—Civil 11 (326 Ark. 1134).

While we deny Ms. Jones's petition, we are obliged to underscore certain matters contained in this court's previous decision handed down on November 6, 1996, especially since this court had to take the extraordinary step to enforce its mandate by a subsequent per curiam. That per curiam was necessary because, for whatever reason, the chancery court failed to reinstate the parties' original custody order. Because we believed that this court's opinion and instructions were perfectly clear, we issued a simple "forthwith" order directing the chancery court's compliance. The chancery court then complied.

■ Because of the continuing controversies involving this matter, we reiterate the well-established rule that when this court remands a case to chancery court with directions, the chancery court has no power to enter any decree except that directed, and it has no power to change or extend this court's mandate. *See Ferguson v. Green*, 266 Ark. 556, 587 S.W.2d 18 (1979). In this same vein, we remind the parties that, in the appeal decided November 4, 1996, this court conducted a *de novo* review of the chancellor's custody decision, and in doing so, the court specifically stated that child custody is determined by what is in the "best interests" of the child, and it is not altered absent a material change in circumstances. In deciding the child custody issue, this court reviewed in lengthy detail the evidence offered at trial, including Ms. Jones's move to Little Rock, Dr. Jones's remarriage, and the child's emotional needs. In considering the child's emotional needs, the

opinion related the competing views and opinions of four expert witnesses, concerning Ms. Jones's mental and emotional stability.[1] After a full discussion of the parties' respective evidence, this court concluded as follows:

> In sum, when viewing together the repeated entry of *ex parte* orders, the erroneous shift of the burden to Christine Jones to prove her emotional stability, and the chancellor's faulty reliance on her move to Little Rock and Dr. Jones's remarriage as material changes in circumstances, we must conclude that the chancellor's decision to change custody to Dr. Jones was clearly erroneous.

Simply put, this court held the chancellor was clearly wrong in ruling Dr. Jones had proven that a material change of circumstances existed, and a transfer in custody was warranted.

Our reasons for requiring more stringent standards for modifications than for initial determinations of custody are to promote stability and continuity in the life of the child, and to discourage the repeated litigation of the same issues. As one commentator has recognized, the improper use of custody proceedings is more likely if parents are allowed to relitigate their relative fitness without the addition of significant new facts. Jeff Atkinson, Modern Child Custody Practice, § 9.02 at 452 (1986).

■ Having given the foregoing salutary statements, we remain of the opinion that evidence regarding Dr. Jones's petition for modification must first be appropriately addressed below. In deciding the modification question, we emphasize that the chancellor should only consider facts arising since the last custody order, or evidence that has not been previously presented to the chancellor. *See Jones*, 326 Ark. at 491; *Stamps v. Rowlins*, 297 Ark. 370, 761 S.W.2d 933 (1988). We deny Ms. Jones's petition.

Brown, J., concurs.

Robert L. Brown, Justice, concurring. While I certainly agree that the writ of prohibition should be denied, I disagree

---

[1] We note that, while the concurring opinion suggests this court did not consider the parties' child's emotional needs, the court thoroughly dealt with this issue in its original opinion under the caption "Cameron's emotional needs." *See Jones*, 326 Ark. at 491, 931 S.W.2d at 772.

with that part of the *per curiam* opinion that holds that Jerry Jones is limited in arguing his son's emotional needs as a reason to change custody. This court did not reach the merits of that issue in *Jones v. Jones,* 326 Ark. 481, 931 S.W.2d 767 (1996) (*Jones I*). Rather, we decided the emotional-needs issue based on faulty and improper procedure, that is, the chancellor wrongfully shifted the burden of proof in the custody matter to Christine Jones and engaged in *ex parte* communications with mental health experts for Jerry Jones. We held in *Jones I*:

> In sum, when viewing together the repeated entry of *ex parte* orders, the erroneous shift of the burden to Christine Jones to prove her emotional stability, and the chancellor's faulty reliance on her move to Little Rock and Dr. Jones's remarriage as material changes in circumstances, we must conclude that the chancellor's decision to change custody to Dr. Jones was clearly erroneous.

*Jones,* 326 Ark. at 494, 931 S.W.2d at 774. Thus, on *de novo* review, this court took a clear position on the merits with respect to Christine Jones's move to Little Rock and Jerry Jones's remarriage. We did not do so with respect to the issue of the boy's emotional needs but pointed to the procedural deficiencies.

The *per curiam* opinion is correct in asserting that repeated litigation of the same issues between former spouses does not promote stability and continuity in the life of the minor child. This policy is adeptly promoted by this court's rule that custody should be modified only when there are changed circumstances since the last award of custody or when there is proof affecting the best interests of the child that was not previously known by the chancellor. *See Stamps v. Rawlins,* 297 Ark. 370, 761 S.W.2d 933 (1988). However, in holding that this court's reinstatement of custody in Christine Jones forecloses evidence pertinent to the child's emotional needs that occurred prior to *Jones I,* the majority hamstrings Jerry Jones and prevents him from presenting any history on this matter. He should not be penalized by wrongful procedures employed by the trial court.

On *de novo* review, this court has been clear that we decide matters on the merits. *Fye v. Tubbs,* 240 Ark. 634, 401 S.W.2d

752 (1966). In *Fye*, which was a child custody dispute, Justice George Rose Smith wrote:

> At the hearing in the court below both parties developed their testimony fully. More than a dozen witnesses testified. There is no reason to think that a second hearing is needed. It is appropriate for us to try the matter *de novo*, as is our practice in equity, *and reach a decision upon the merits.*

*Fye,* 240 Ark. at 635-36, 401 S.W.2d at 753 (emphasis added).

Because there has been no final decision since the original decree vesting custody in Christine Jones on whether Cameron's emotional needs mandate a change in custody, Jerry Jones should be allowed to fully develop the issue. The *per curiam* opinion truncates his ability to do so.