Kathleen M. MIXON *v.* Robert P. MIXON

CA 98-867                                    987 S.W.2d 284

Court of Appeals of Arkansas
Division IV
Opinion delivered March 3, 1999

*Ann R. Dodson*, for appellant.

*Morgan Welch & Associates*, by: *Donald K. Campbell, III*, for appellee.

WENDELL L. GRIFFEN, Judge. Kathleen Mixon appeals from a decision in Pulaski County Chancery Court on April 29, 1998, that modified Robert Mixon's child-support obligations. Appellant contends that the chancellor erred when he calculated the child-support arrearage owed by appellee based on the reduced value set forth in the family-support guidelines for one child after an older child turned eighteen. We disagree and affirm.

The appellant and appellee were divorced on September 21, 1995. Appellee was ordered to pay $485.00 per month ($242.50 biweekly) in child support for the two minor children. The oldest child, Jonathan, graduated from high school in January 1997, and turned eighteen years old on August 26, 1997.

On March 26, 1998, appellee filed a motion to modify child support and a motion to quash the wage assignment order, arguing that he was entitled to a reduction in child support based on his income to $96.00 per week since May 1997. Appellee also argued that his child-support obligation should have been reduced to $68.00 per week after August 26, 1997. Appellee argued that he owed the difference of what he actually paid in September and October 1997 and what he was obligated to pay; appellee admitted to owing some support from November 1997 to March 1998. Furthermore, in his motion to quash the wage assignment, appellee argued that the court should stay the enforcement of the wage assignment until the determination of appellee's true support obligation.

In a decision filed May 19, 1998, the chancellor found that the appellee's obligation to pay child support for Jonathan terminated as a matter of law on August 26, 1997, pursuant to Arkansas Code Annotated section 9-14-237 (Repl. 1993). The chancellor further found that the appellee remained obligated to pay child support for the remaining minor child at the reduced rate of $330.00 per month from August 26, 1997, until he filed the motion to reduce his obligation. The chancellor found that a change of circumstances occurred on September 25, 1995, when appellee suffered an involuntary reduction in net take-home pay to $381.79 per week that had not changed at the time of his petition to modify. Furthermore, the chancellor determined that appellee owed $2552.50 in child support from August 15, 1997 to March 26, 1998. After deducting two payments of $276.00 (total of $552.00) made after August 26, 1997, and $1,143.95 in the form of wage garnishments, the chancellor ordered that appellee's employer should deduct an additional $228.79, and ordered that appellee pay the remaining sum of $628.00 within sixty days. The wage assignment was quashed after the last deduction of $228.79 was to be made. The new amount of child support owed, beginning March 26, 1998, was $74.00 per week. The employer was ordered to withhold this amount from appellee's paycheck.

Appellant argues that the chancellor erred by retroactively modifying the appellee's child support prior to the date he filed a motion to modify, and she cites two cases from this court that she alleges are in direct conflict: *Laroe v. Laroe*, 48 Ark. App. 192, 893 S.W.2d 344 (1995), and *James v. James*, 52 Ark. App. 29, 914 S.W.2d 773 (1996). She argues that the chancellor could not modify the support obligations retroactively, before the date the petition for modification was filed, so that the obligation for support did not change on August 26, 1997. She maintains this position, despite the language of Ark. Code Ann. § 9-14-237 and our holding in *James v. James*, because a child-support obligation may not be modified without filing a petition for modification.

The appellee argues that the chancery court did not retroactively modify child support prior to the date he filed the motion to modify. Rather, appellee contends that the chancellor ruled that his arrearage was incorrectly calculated, and that the State

attempted to collect more money than was actually owed. Furthermore, the appellee argues that he did not modify the child support on his own; rather, as a matter of law, part of his support obligation was terminated prior to his petition for modification. Lastly, the appellee contends that *Laroe* does not apply to this case, because Ark. Code Ann. § 9-14-237 (which applies here) was not in effect when *Laroe* was decided.

■ Although chancery cases are reviewed de novo on the record, the appellate court will not reverse unless the chancellor's findings are clearly against the preponderance of the evidence or are clearly erroneous. *Heflin v. Bell*, 52 Ark. App. 201, 916 S.W.2d 769 (1996). This standard of review applies to the chancellor's decision regarding whether there are sufficient changed circumstances to warrant a modification in child support. *Woodson v. Johnson*, 63 Ark. App. 192, 975 S.W.2d 880 (1998). The amount of child support to be paid lies within the discretion of the chancellor. *Id.*

The provisions of two statutes are called into question. Arkansas Code Annotated § 9-14-234 (Repl. 1998), provides that:

(b) Any decree, judgment, or order which contains a provision for the payment of money for the support and care of any child or children through the registry of the court or the Arkansas child support clearinghouse shall be final judgment subject to writ of garnishment or execution as to any installment or payment of money which has accrued until the time either party moves through proper motion filed with the court and served on the other party to set aside, alter, or modify the decree, judgment, or order.

(c) The court may not set aside, alter, or modify any decree, judgment, or order which has accrued unpaid support prior to the filing of the motion.

Arkansas Code Annotated § 9-14-237 (Repl. 1998), provides that:

(a)(1) An obligor's duty to pay child support for a child *shall automatically terminate by operation of law* when the child reaches eighteen (18) years of age or should have graduated from high school, whichever is later . . . unless the court order for child support specifically extends child support after such circumstances.

(2) Provided, however, that any unpaid child support obligations owed under a judgment or in arrearage pursuant to a child support order shall be satisfied pursuant to § 9-14-235.

(b)(1) If the obligor has additional child support obligations after the duty to pay support for a child terminates, the court shall reassess the remaining obligations using the family support chart[.]

(2) In the event a review is requested, the court shall apply the family support chart for the remaining number of children *from the date of the termination of the duty*, subject to any changed circumstances[.]

(3) The obligor shall provide written notification of the termination of the duty of support to the clerk of the court responsible for receipt of the child support payments . . . within ten (10) days of the termination of the duty of support. (Emphases added).

The appellant in *James, supra,* reduced his child-support obligations when the oldest child turned eighteen without filing a motion to modify child support; thus, the chancellor found that the court could not retroactively reduce the support arrearages which had become final judgments. We agreed that the child-support obligation continued where no motion to modify the obligation had been filed. *Id.* However, we looked to Ark. Code Ann. § 9-14-237, which went into effect August 13, 1993, and found that the support obligation for the oldest child "terminated by operation of law on August 13, 1993, the effective date of the Act, and the chancellor erred in awarding support arrearage for [the child] beyond that date." *Id.* at 34. Thus, because the child-support obligation terminated as a matter of law under the statute when the statute took effect, the support obligation terminated despite the fact that the petition to modify was not filed until May 5, 1994, almost nine months after the effective date of the statute. We required the chancellor to reassess the support obligation for the remaining children for the period commencing with the effective date of the statute which coincided with the termination date of the duty to pay support to the oldest child. *Id.*

On the other hand, we noted in *Laroe* that Ark. Code Ann. § 9-14-237 did not apply to that case because the petition for modification was filed prior to the effective date of the statute.

We observed by way of dicta that "even if [the statute] had been applicable, appellant would not have been allowed to adjust his child support as each child reached majority." *Id.* at 194.

■ ■ It should be noted that § 237, enacted subsequent to § 234, is presumed to control. Although the repeal of prior statutory provisions by implication is not favored, when the later act covers the subject matter of the previous one and adds provisions clearly showing that it was intended as a substitute for the former provision, the older provision is repealed by implication. *Nance v. Williams*, 263 Ark. 237, 564 S.W.2d 212 (1978). In the notes to the statute, it is stated that "References to 'this subchapter' in . . . §§ 9-14-204 — 9-14-236 may not apply to this section which was enacted subsequently." Furthermore, the plain language of § 237 shows that the support obligation terminates *as a matter of law.* General rules of statutory interpretation apply the plain meaning of the language of a statute which is clear on its face. *Hercules, Inc. v. Pledger*, 319 Ark. 702, 894 S.W.2d 576 (1995).

■ As a matter of law, appellee's child support terminated upon his child's eighteenth birthday, the child having already graduated from high school. The chancellor did not attempt to retroactively modify a judgment. He simply recalculated the actual amounts owed in obedience to the law. Appellant had no legal right to receive child support for her emancipated child when the General Assembly prescribed that support for that child would "automatically terminate by operation of law." A different holding would constitute a plain disregard of the statute.

Affirmed.

NEAL and CRABTREE, JJ., agree.