PAUL E. DANIELSON, Justice, concurring in part; dissenting in part. Because I wholeheartedly agree that the circuit court clearly erred in finding that it was in C.N.’s best |10interest to be placed in Mr. Neal’s permanent custody, I concur, and I would reverse and remand. I strongly dissent, however, from this court’s further direction to the circuit court to return custody to Ms. Ingle forthwith. There is no question in my mind that the circuit court clearly erred when it placed permanent custody of C.N. with Mr. Neal in November 2012. Therefore, it is appropriate for this court to reverse the matter and remand it, as that has historically been this court’s practice. See, e.g., Mahone v. Arkansas Dep’t of Human Servs., 2011 Ark. 370, 383 S.W.3d 854. But the majority decides to take matters into its own hands and goes much further, directing that custody of C.N. be returned to Ms. Ingle immediately, despite its statement that it cannot know what has transpired since the circuit court’s order. While the majority throws in a caveat of sorts, the fact remains that it has now been well over a year since the circuit court’s decision. Such chances should not be taken when we are talking about the well-being of a child. As the majority correctly points out, this court has on rare occasions entered an order on de novo review of a fully developed record in matters of equity. See, e.g., Cochran v. Cochran, 309 Ark. 604, 832 S.W.2d 252 (1992) (rendering an order for the appropriate amount of child support based on the record); Fye v. Tubbs, 240 Ark. 634, 401 S.W.2d 752 (1966) (rendering an order in a child-custody matter to revert custody to the arrangement set forth in the original decree); Narisi v. Narisi, 229 Ark. 1059, 320 S.W.2d 757 (1959) (reversing and remanding for entry of an order consistent with the opinion in a divorce matter). But the instant case is one of dependency-neglect, which is exceedingly different from the ordinary Incase in equity. Even if the record could be considered fully developed in the instant case, the record before us most certainly concludes with the circuit court’s 2012 order, and there is absolutely no way of knowing what has transpired in these people’s lives since that time. Again, I fully agree that Ms. Ingle should have been awarded custody of C.N. in November 2012 as that was in his best interest and that the circuit court clearly erred in its finding to the contrary. Nonetheless, it is C.N.’s best interest that is the polestar consideration, and I, for one, think the more responsible course and prudent disposition would be for this court to reverse and remand, such that further proceedings in the matter could be had. I therefore respectfully concur in part and dissent in part. HANNAH, C.J., and CORBIN, J., join.