Darcie SHARUM (Dodson) *v.*
Jimmy DODSON

78-42                                    568 S.W. 2d 503

Opinion delivered July 17, 1978
(In Banc)

*Stephen M. Sharum,* for appellant.

No brief for appellee.

JOHN A. FOGLEMAN, Justice. Appellant, mother of two minor children, was awarded custody of the children when the parties were divorced on September 14, 1965. In the decree of divorce, appellee was ordered to pay $20 a week in child support. On September 7, 1977, appellant filed a motion for citation for contempt for failure to pay support and for modification of the custody decree. She sought judgment for arrearages of $11,180 for the period of October 11, 1966 to August 11, 1977. She also asked that the weekly amount of child support not be reduced even though she did request the son's custody be changed to his father. Appellee filed an answer generally denying the allegations and affirmatively pleading that he should not be held responsible for the arrearage accumulated during that period since appellant had not provided reasonable visitation as provided in the original decree and had removed the children from the jurisdiction of the court without notification to either him or the court. At the hearing on October 18, 1977, the court found appellant in contempt for failure to allow the children to visit with their father. The court found appellee in contempt for failure to pay child support for the past ten years. The chancellor awarded judgment to appellant of $3,096 for three years arrearage and back support. It was further ordered that the support and arrearage was to be paid at a rate of $5 a month and that execution was to be held in abeyance unless appellee failed to make prompt payments each month. The custody of the son was changed to his father and the weekly support payments were reduced to $10.

Appellant contends that the chancery court abused its discretion in finding that appellee had failed to support the children for 10 years, but only awarded $3,096 as arrearages for three years; that the court erred in limiting the arrearage to three years when the applicable statute of limitations, if it had been affirmatively raised, was five years; that the court abused its discretion by holding in abeyance execution on the judgment; and that the court abused its discretion by allowing the payment of the judgment for the arrearages at a rate of $5 a month. We find merit in two of the points and reverse.

Appellant is right in her contention that the chancery court erred in ordering that execution on the judgment be held in abeyance so long as appellee pays $5 per month on the judgment for arrearages. Entitlement to payment of child support installments vested in appellant as they accrued, and she was entitled to judgment as a matter of right, when they were not paid, except during such periods of time when she rendered appellee's visitation rights nugatory. *Riegler v. Riegler,* 246 Ark. 434, 438 S.W. 2d 468; *Brun v. Rembert,* 227 Ark. 241, 297 S.W. 2d 940; *Johnson v. Arledge,* 258 Ark. 608, 527 S.W. 2d 917; *Kirkland v. Wright,* 247 Ark. 794, 448 S.W. 2d 19. A judgment for past due payments is like any other judgment, whether at law or in equity.

An execution may issue on any final judgment of any court of record for a liquidated sum of money. Ark. Stat. Ann. § 30-101 (Repl. 1962). The court rendering the judgment has no power, in the absence of a stay or supersedeas pending appeal, to withhold execution beyond the ten day period fixed by Ark. Stat. Ann. § 30-102 (Repl. 1962). *Taylor, State Bank Commissioner v. O'Kane,* 185 Ark. 782, 49 S.W. 2d 400; *International Shoe Co. v. Waggoner, Judge,* 188 Ark. 59, 64 S.W. 2d 82. The reason for the rule is aptly stated in *Taylor* thus:

> \*\*\* But by still another section, 6299, a judgment of the Supreme, chancery, or circuit courts of this state, or the District Court of the United States in this state, becomes a lien on real estate owned by the defendant in the county where rendered from the date of the judgment. If the court could stay or postpone execution, as, for example, in this case, the judgment debtor could make away with

all chattels owned by him and any real estate outside the county, free from the judgment lien, because no execution could be issued and come to the officer's hands until the period of the stay had elapsed. Courts have not been given such power. One of their functions is to aid in the collection of just debts by orderly process of law, and not to delay same.

Ark. Stat. Ann. §§ 30-101 and 30-102 (Repl. 1962) are part of the Civil Code, the provisions of which are applicable to circuit and chancery courts alike. Ark. Stat. Ann. §§ 27-102, -103, -104, -106, -109, -204 (Repl. 1962). *Thomas v. Dean,* 245 Ark. 446, 432 S.W. 2d 771; *Coleman v. Coleman,* 257 Ark. 404, 520 S.W. 2d 239.

Garnishment after judgment, rather than before judgment is, in effect, a form of execution. *Probst v. Scott,* 31 Ark. 652. See also, *Teague v. Fairchild,* 15 S.W. 2d 585 (Tex. Com. App., 1929); *First National Bank in Bronte v. Little,* 6 S.W. 2d 819 (Tex. Civ. App., 1928). For this reason it behooves us to consider that process also, even though it was not specifically mentioned in the court's decree.

The provisions of the garnishment statutes also apply to actions and judgments in any court of record. Ark. Stat. Ann. § 31-501 et seq (Repl. 1962). Garnishment has been defined as a proceeding whereby a plaintiff seeks to subject to his claim property of the defendant in the hands of a third person or money owed by such person to the defendant, and it may be issued at whatever stage of a proceeding the statutes may authorize. *First National Bank of Huttig v. Rhode Island Ins. Co.,* 184 Ark. 812, 43 S.W. 2d 535. A chancery court, however, may only hold a parent required by decree to make support payment in contempt of court for wilful disobedience of the court's order and not because of his financial inability to make payment. *Hervey v. Hervey,* 186 Ark. 179, 52 S.W. 2d 963. While restricting the ability of the parent to collect a judgment to installments amounts, in effect, to a retroactive modification of the decree making the allowance, it is proper for a chancery court to make such provision for payments of arrearages in installments as the circumstances warrant in order to allow the judgment debtor to avoid punishment for

contempt. *Jarvis* v. *Jarvis,* 27 Ariz. App. 266, 553 P. 2d 1251 (1970). Accord, *Bachus* v. *Bachus,* 216 Ark. 802, 227 S.W. 2d 439; *Armstrong* v. *Armstrong,* 248 Ark. 835, 454 S.W. 2d 660, 61 ALR 3d 511.

A court may not restrict the right of one parent to collect a judgment against the other for arrearages in child support payments by legal process; it may, however, if changed circumstances have rendered the payments inequitable, in its discretion, decline to enforce, by contempt proceedings, the payment of a greater sum than the circumstances warrant. *Bachus* v. *Bachus,* supra. See also, *Griffith* v. *Griffith,* 225 Ark. 487, 283 S.W. 2d 340. It was error for the trial court to order execution to be held in abeyance.

We do not understand the basis for the trial court's requiring appellant to pay only $5 per month on the judgment for arrearages. There is no question about appellant's entitlement to interest at the rate of 10% per annum. Ark. Stat. Ann. § 29-124 (Supp. 1977). All judgments bear interest under this statute, unless they are expressly excluded by the language of the statute itself. *Shofner* v. *Jones,* 201 Ark. 540, 145 S.W. 2d 350. See also, *Taylor* v. *Corning Bank & Trust Co.,* 185 Ark. 691, 48 S.W. 2d 1102. At the rate of $5 per month, it would be a question of how many generations, rather than how many years, would pass before the judgment was paid, even if interest did not accrue. With payments amounting to less than one-fifth of the interest, the amount of the judgment will substantially increase rather than decline. There is nothing in the record before us to justify such small payments by one who has already been found in contempt of court for failure to make payments. This necessarily means that at some point appellee had the financial ability to pay but wilfully failed to do so. Requiring the payment of only $5 per month by appellee in order to avoid punishment for contempt appears to have been an abuse of discretion on the record before us. We are unable to determine what amount he should pay in order to justify withholding contempt procedures, so the trial court will have to reconsider this matter on remand.

Appellant argues that it was an abuse of discretion for

judgment to be entered for only three years of arrearages when the proof showed that appellee had not paid support in the last ten years. This case was submitted to us on an abbreviated record. It consisted of the pleadings, the order, and that part of the testimony by both parties that appellee had not supported the children from October 11, 1966 to June 26, 1977. Appellee did not designate any additional parts of the record or favor us with a brief. Although we cannot presume that any portions of the record not designated support the trial court's action, we also cannot reverse the lower court unless the record demonstrates apparent error. *Holt* v. *Holt*, 253 Ark. 456, 486 S.W. 2d 688; *Kimery* v. *Shockley*, 226 Ark. 437, 290 S.W. 2d 442. Accordingly, we decide the question on the designated record before us.

As has been stated above, a mother is not entitled to judgment for arrearages during the period when she has defeated the father's visitation rights. *Kirkland* v. *Wright*, 247 Ark. 794, 448 S.W. 2d 19. The abstracted testimony of appellee shows that he stopped making payments when appellant moved to Ft. Smith and changed her name. He said that he thought she had left the state and he had not known where the children were. His testimony was not contradicted. The chancellor specifically found that appellant had been in contempt of court for defeating the visitation rights of appellee. See *Massey* v. *James*, 251 Ark. 217, 471 S.W. 2d 770. Since appellant had no right to support payments accumulated during that period, she is in no position to complain that she was only allowed three years of payments. It was not an abuse of discretion for the chancellor to give judgment for $3,096.

A related argument is that the wrong statute of limitations was applied and that it was not affirmatively raised by appellee. While it is true that the correct statute of limitations in actions for accumulated arrearages is five years, there is no indication that the statute was the basis for the number of years awarded. Appellant was not entitled to support during the period when she was in contempt so that the chancellor had the option of awarding any amount that was justified by the evidence. There is no evidence in the record that reflects that the chancellor was basing her award on any,

much less an erroneous, statute of limitations.

The decree is affirmed as to the judgment for arrearages, but reversed as to the withholding of execution. The cause is remanded to the chancery court for further proceedings consistent with this opinion.