JOYCE KEELER, n/k/a Joyce A. Wolf, Petitioner-Appellant, v. GLENN KEELER, Respondent-Appellee.

Second District   No. 2—86—0994

Opinion filed June 3, 1987.

W. H. Major and Patricia M. Fennell, both of Major, Fennell and Associates, of Oak Brook Terrace, for appellant.

Eva W. Tameling, of Morgan, Martoccio & Tameling, of Hinsdale, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Petitioner, Joyce Keeler, n/k/a Joyce Wolf, obtained a judgment against respondent, Glenn Keeler, her ex-husband, for child support arrearages. That same day, the trial court ordered that $110 per week be withheld from respondent's wages and paid to petitioner in order to satisfy the arrearages and respondent's current support obligations. Petitioner subsequently initiated garnishment proceedings against respondent. She appeals from the trial court order enjoining her from continuing those proceedings or instituting any new garnishment proceedings to enforce the support judgment and asserts that an order of withholding is not an exclusive remedy for enforcing such judgments.

On March 29, 1974, the circuit court entered a decree of divorce incorporating the terms of a settlement agreement between the parties. The agreement provided that respondent would pay petitioner $40 per week for child support. On April 1, 1986, the circuit court entered judgment against respondent for $18,015 in arrearages and entered an order for withholding pursuant to section 706.1 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 706.1). Under the terms of the order, $110 per week was to be withheld from respondent's wages and paid to petitioner. Petitioner then instituted garnishment proceedings against respondent to enforce the support judgment, and respondent filed a petition for relief from those proceedings. On October 6, 1986, the trial court enjoined any present or future garnishment proceedings to collect on the judgment and ruled that petitioner could rely only on the order for withholding in order to enforce the judgment.

Section 706.1 of the Act contains exactly the same language as section 4.1 of the Non-Support of Spouse and Children Act (Ill. Rev. Stat. 1985, ch. 40, par. 1107.1) and section 26.1 of the Revised Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1985, ch. 40, par. 1226.1). In enacting these provisions, the legislature established that it is the public policy of Illinois to ensure the enforcement of support judgments through all available means. (*In re Support of Matt* (1985), 105 Ill. 2d 330, 334.) This policy was set forth in section 706.1(J) of the Act, which states in pertinent part as follows:

"The rights, remedies, duties and penalties created by this Section are in addition to and not in substitution for any other rights, remedies, duties and penalties created by any other law." (Ill. Rev. Stat. 1985, ch. 40, par. 706.1(J)(1).)

The legislature's intent to allow parties who have obtained orders of withholding to pursue other remedies, including garnishment, in order

to enforce support judgments, could not have been expressed more clearly.

The facts of this case demonstrate why the legislature adopted section 706.1(J) of the Act. Respondent has neglected his support obligations since 1974. Since an order for withholding is clearly not an exclusive remedy under the Act for the enforcement of support judgments, the order of the circuit court of Du Page County is reversed.

Reversed.

LINDBERG, P.J., and DUNN, J., concur.