Nancy STEWART *v.* Billy NORMENT

96-950                                            941 S.W.2d 419

Supreme Court of Arkansas
Opinion delivered April 14, 1997

*David W. Talley Jr.*, for appellant.

*Vickery & Landers, P.L.L.C.*, by: *Ian W. Vickery*, for appellee.

ANNABELLE CLINTON IMBER, Justice. At issue in this case is whether a chancellor may prohibit the recipient of a final judgment for child-support arrearages from garnishing the obligor's employer, on the ground that an income-withholding order provided the recipient with the sole and exclusive method for enforcing the judgment. We reverse.

Nancy Stewart and Billy Norment were divorced on May 30, 1984. The chancellor awarded Stewart custody of the couple's two minor children, along with $50 weekly in child support. The record reflects a number of orders finding Norment in arrears on his child-support payments. On July 10, 1985, Norment was found to be $1,133.75 in arrears, but had his present support obligation lowered to $40 weekly due to decreased earnings. An August 31, 1995 order shows that Norment was $11,653.75 in arrears. Due to increased earnings, his support obligation was raised to $128.00 per week, and his employer was ordered to withhold $129 per week from his income. Norment moved to set aside this order, and the trial court held a hearing on the matter.

On March 6, 1996, the chancellor entered another order, crediting Norment with $2,150 in child-support payments outside of the court registry, and reducing his support arrearage to $9,627.75. The trial court additionally found that Norment's net wages had increased to $781 every two weeks, and ordered him to pay $196.00 every two weeks in child support. Norment was also ordered to pay $20 every two weeks to be applied to the arrearage. To accomplish this, the trial court directed Norment's employer to withhold $217 from Norment's wages every two weeks. This order did not state that the income-withholding order would be the sole and exclusive method for payment of the arrearage.

Stewart subsequently attempted to garnish Norment's employer in an attempt to collect on the arrearage, and Norment moved to quash the writ. On June 10, 1996, the chancellor entered an order which provided in part as follows:

> When the Court issued the Order of [March 6, 1996] it was the Court's intention that the additional award of $20.00 every two weeks to be applied to the child support arrearage would be the sole and exclusive method for the payment of the arrearage. Therefore, [Stewart] is barred from the use of any other method for collection of the judgment.

Stewart appeals from this order, and maintains that the chancellor abused his discretion in quashing the writ. The case was certified from the court of appeals as involving a question of statutory interpretation.

For her sole point on appeal, Stewart argues that the chancellor was clearly erroneous in finding that the income- withholding order entered on March 6, 1996, provided her with the sole and exclusive method of collecting on the judgment. In support of her argument, Stewart cites Ark. Code Ann. § 9-14-234(b) (Supp. 1995), which provides that any order that contains a provision for child-support payments shall be a final judgment subject to a writ of garnishment as to accrued installments until a party moves to set aside or modify the order.

The statutory language is clear. The General Assembly has provided that an order for child-support arrearages is a final judgment subject to garnishment or execution until the order is modified or otherwise set aside. The fact that an order also provides for income withholding to satisfy accrued support arrearages is irrelevant in determining whether garnishment provides a viable alternative method for collecting the arrearage. This conclusion is supported by Ark. Code Ann. § 9-14-202 (Repl. 1993), which states that the remedies provided in the child-support enforcement subchapter "shall not be exclusive of other remedies presently existing," and by Ark. Code Ann. § 9-14-218(a)(1)(B) (Supp. 1995), which expressly provides that the use of income withholding in orders providing for child support "does not constitute an election of remedies and does not preclude the use of other enforcement remedies."

The facts of the present case are analogous to *Sharum v. Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978), where the appellant obtained an award for child-support arrearages in the amount of $3,096. The trial court ordered that the support and arrearage should be paid back at a rate of $5 a month "and that execution was to be held in abeyance unless [the obligor] failed to make prompt payments each month." *Id.*

The *Sharum* court concluded that the chancellor erroneously held execution on the judgment in abeyance. The court characterized a judgment for past-due child-support payments as being like "any other judgment, whether at law or equity." *Id.* Likening garnishment after a judgment to a form of execution, the

court applied the general garnishment statutes to a final judgment for arrearages, concluding that:

> A court may not restrict the right of one parent to collect a judgment against the other for arrearages in child support payments by legal process; it may, however, if changed circumstances have rendered the payments inequitable, in its discretion, decline to enforce, by contempt proceedings, the payment of a greater sum than the circumstances warrant.

*Id.* (citations omitted).

■ While the decree in *Sharum, supra,* did not employ income withholding as in the present case, the general principle would still apply. A decree providing for child-support payments is a final judgment with respect to accrued payments until a party moves to set aside or modify the decree. That being the case, there is no reason why the recipient of such a judgment should not be able to resort to legal process to execute on the past-due payments, as could be done with any other judgment.[1]

The Illinois Appellate Court considered a fact situation quite similar to the present case in *Keeler v. Keeler,* 509 N.E.2d 142 (Ill. App. Ct. 1987), where the trial court entered an order providing for an $18,015 arrearage. Under the terms of the order, the trial court also required $110 per week in income withholding from the obligor's wages under the Illinois Marriage and Dissolution of Marriage Act. The recipient then instituted garnishment proceedings, which the obligor successfully enjoined. The trial court found "that [the recipient] could rely only on the order for withholding in order to enforce the judgment." *Id.*

The *Keeler* court reversed, citing to the Illinois Marriage and Dissolution of Marriage Act's express statement that income withholding was "in addition to and not in substitution for any other rights, remedies, duties and penalties created by any other law." *Id.* (quoting Ill. Rev. Stat. ch. 40 par. 706.1(J)(1) (1985)). Thus, it was the public policy of Illinois "to ensure enforcement of support

---

[1] We are not unmindful of Norment's concern regarding the amount of wages that may be lawfully garnished. Of course, Norment's employer must comply with the Consumer Credit Protection Act, 15 U.S.C. §§ 1671 - 1677.

judgments through all available means." *Id.* Because income withholding was not an exclusive remedy under the Act, the trial court erroneously enjoined the garnishment proceedings.

We find *Keeler*'s rationale persuasive in light of Arkansas's income-withholding statute. As stated above, the statute expressly states that income withholding is not an exclusive remedy. Ark. Code Ann. § 9-14-218(a)(1)(B). Clearly, it was the General Assembly's intent to allow the enforcement of a judgment for arrearages by all available means, including but not limited to income withholding. Accordingly, we reverse, finding that the chancellor was clearly erroneous in quashing Stewart's writ.

Reversed and dismissed.

GLAZE and THORNTON, JJ., dissenting in part.

TOM GLAZE, Justice, dissenting in part. I agree to reverse, but would remand for the following reason. While I agree the chancellor erred in barring Stewart from using other methods of collection of her judgment for arrears, I believe on remand the chancellor may dispense with the $20 biweekly payments he ordered. Neither the holding *Sharum v. Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978), nor the statutes cited in the majority opinion required the additional payments under the facts of this case. Thus, I agree with the majority's reversal of this cause, but I would reverse and remand, leaving it open for the chancellor to reconsider whether the additional support payments should be continued in these circumstances.

THORNTON, J., joins this opinion.