OFFICE of CHILD SUPPORT ENFORCEMENT
*v.* James M. TYRA

CA 00-122                                                    29 S.W.3d 780

Court of Appeals of Arkansas
Division II
Opinion delivered November 1, 2000

*Eugene Hunt*, for appellant.

*John W. Cone*, for appellee.

JOSEPHINE LINKER HART, Judge. The Office of Child Support Enforcement appeals a court order finding that appellee owed $35,868.45 in delinquent child support and directing appellee to make monthly arrearage payments of $225. Appellant contends that the chancellor erred by retroactively abating and reducing the weekly child-support obligation from $126 to $83 when appellee's elder child became eighteen years old and by ordering that the arrearage be satisfied by appellee making monthly installment payments of $225. We disagree with appellant and affirm.

Pursuant to a 1982 divorce decree, Teresa Tyra was awarded custody of the minor children from her marriage to appellee, who was ordered to pay child support. Originally, appellee was ordered to pay $35 per week in child support, but his child-support obligation was increased to $126 per week in April, 1988. Thereafter, appellant petitioned authorities in Louisiana, which is where appellee lived at the time, to enforce the Arkansas child-support order. Louisiana, however, ordered appellee to pay only $260 per month. Thus, from April, 1988, to the hearing in June, 1998 (on appellant's petition to collect delinquent child-support payments), the difference between the Arkansas and Louisiana orders created a sizable child-support arrearage. During this time, both of the parties' minor children reached the age of eighteen years and were graduated from high school. At no time, however, did appellee petition the court to have his child-support obligation reduced. In April,

1998, appellant filed its petition to collect from appellee $47,246.95 in delinquent child-support payments.

At the hearing, the parties essentially argued over $8,646, which represented the difference between what appellant argued appellee owed ($44,514.45[1]) and what appellee argued he owed ($35,868.45). The chancellor agreed with appellee and found that the arrearage owed by appellee was $35,868.45. In doing so the chancellor relied upon appellee's calculations, which allowed appellee credit for a reduction in his child-support obligation from the date his elder child attained the age of eighteen years and was graduated from high school. This appeal is of that order.

On review of this chancery matter, "the whole case is open for review; therefore, all issues raised in the court below are before us for decision, and trial *de novo* on appeal in chancery involves determination of both fact questions and legal issues." *Bradford v. Bradford*, 34 Ark. App. 247, 248, 808 S.W.2d 794, 795 (1991). *See also Ferguson v. Green*, 266 Ark. 556, 564, 587 S.W.2d 18, 23 (1979); *Lewis v. Lewis*, 255 Ark. 583, 502 S.W.2d 505 (1974); *Nolen v. Harden*, 43 Ark. 307 (1884). On *de novo* review, however, we will reverse only on grounds properly argued by an appellant. *See, e.g., Country Gentlemen, Inc. v. Harkey*, 263 Ark. 580, 569 S.W.2d 649 (1978). Moreover, we will affirm the chancellor's findings unless the findings are clearly erroneous. *See* Ark. R. Civ. P. 52(a); *see also Adkinson v. Kilgore*, 62 Ark. App. 247, 970 S.W.2d 327 (1998). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Smith v. Parker*, 67 Ark. App. 221, 224, 998 S.W.2d 1, 3 (1999).

## I. Termination of Child-Support Payments by Operation of Law

Appellant first argues that the chancellor erred by finding that "by operation of law, [appellee's] . . . child support obligation automatically reduced as each of the children reached majority and did or should have graduated from high school." Specifically, appel-

---

[1] Appellant agreed at trial that the original arrearage amount claimed should be reduced by $3,740.

lant argues that the chancellor's order retroactively reduced appellee's child-support obligation and cites *Arkansas Dep't of Human Services, Child Support Enforcement Unit v. Porter,* 306 Ark. 190, 193, 810 S.W.2d 949, 950 (1991)[2], for the proposition that such a decision is in error. In response, appellee argues that the chancellor's order did not retroactively reduce child support; instead, the order established the proper calculation of child-support arrearage he owed by using Ark. Code Ann. § 9-14-237 (Supp. 1999), which states that the duty to pay child support terminates automatically upon the occurrence of certain events. We agree with appellee.

The initial issue is whether the chancellor retroactively reduced appellee's *child-support obligations* or merely calculated the *arrearage* in light of the termination of his child-support obligations by operation of law. Commensurate with the latter view, appellee argues that the chancellor's order is consistent with *James v. James,* 52 Ark. App. 29, 914 S.W.2d 773 (1996), and, thus, he was entitled to a reduction in the arrearage pursuant to Ark. Code Ann. § 9-14-237. That statute provides in pertinent part:

> (a)(1) An obligor's duty to pay child support for a child shall *automatically terminate by operation of law when the child reaches eighteen (18) years of age or should have graduated from high school, whichever is later,* or when the child is emancipated by a court of competent jurisdiction, marries, or dies, unless the court order for child support specifically extends child support after such circumstances.

(Emphasis added.)

In *James,* pursuant to a 1987 divorce decree, the mother was awarded custody of the parties' three minor children, and the father was ordered to pay $450 per month child support. In July, 1992, one of the parties' children turned eighteen, and the father reduced his child-support payments to $360 per month, but did not seek an order from the chancery court allowing for such a reduction until May, 1994. The chancellor, however, relied on a statutory provision that child-support payments are reduced to judgment as they accrue and become due and, accordingly, he awarded the mother a judgment in the amount of $2,160 for the $90 per month for the twenty-four months of reduced child-support payments by the

---

[2] We are bewildered that appellant would rely on a case that was decided prior to the enactment of Act 326 of 1993 in light of the fact that this Act plainly controls.

father. On appeal, we held, citing Ark. Code Ann. § 9-14-237, that the chancellor erred in awarding child-support arrearage for the child who turned eighteen.[3]

█ The fallacy with appellant's argument is that it fails to take into consideration Ark. Code Ann. § 9-14-237, and our holding in *James*. In the absence of any argument directly challenging the applicability of those authorities, we are disposed to conclude that the chancellor did not err by calculating a reduced amount of arrearage appellee owed by taking into account those child-support obligations that had terminated by operation of law. *See also Mixon v. Mixon*, 65 Ark. App. 240, 987 S.W.2d 284 (1999). Accordingly, we affirm.

## II. *Arrearage Payments After Child-Support Obligation Ceases*

Appellant's next argument is that the chancellor erred by allowing appellee to satisfy the arrearage he owed by making monthly installment payments in the amount of $225 instead of following the requirements of Ark. Code Ann. § 9-14-235(a) (Repl. 1998), which provides:

> If a child support arrearage or judgment exists at the time when all children entitled to support reach majority, are emancipated, or die, or when the obligor's current duty to pay child support otherwise ceases, the obligor shall continue to pay an amount equal to the court-ordered child support, or an amount to be determined by a court based on the application of guidelines for child support under the family support chart, until such time as the child support arrearage or judgment has been satisfied.

We disagree.

█ This court in *Lovelace v. Office of Child Support Enforcement*, 59 Ark. App. 235, 238, 955 S.W.2d 915, 916-917 (1997), concluded that a chancellor did not abuse her discretion by ordering a father, who was delinquent in his child-support payments, to make

---

[3] More precisely, we held in *James* that it was error for the chancellor to award child-support arrearage after August 13, 1993, the effective date of Act 326 of 1993 (which is codified at Ark. Code Ann. § 9-14-237 (Repl. 1998)), because the child at issue had turned eighteen prior to the aforementioned effective date. In the case at bar, however, this is not an issue because both children turned eighteen and were graduated from high school after August 13, 1993.

installment payments in amounts less than that directed by Ark. Code Ann. § 9-14-235, after finding that an order directing payments in a manner contemplated by the statute would create a hardship for the father. Likewise, in this case, the chancellor directed appellee to make payments in amounts less than that contemplated by the statute after appellee requested that the chancellor set the arrearage payments at $225 per month "because of his other financial obligations, including other child support payments." As we have frequently stated, a chancellor "is not entirely precluded from adjusting the amount as deemed warranted under the facts of a particular case, and this court will not disturb the chancellor's decision to do so absent an abuse of discretion." *Lovelace*, 59 Ark. App. at 238, 955 S.W.2d at 916 (citing *Jones v. Jones*, 43 Ark. App. 7, 12, 858 S.W.2d 130 (1993)). We are unconvinced the chancellor abused his discretion in this case and, accordingly, affirm.

Affirmed.

PITTMAN and MEADS, JJ., agree.