Lisa A. HILL (*Now Dechaine*) *v.* Samuel Paul HILL

CA 03-518 134 S.W.3d 6

Court of Appeals of Arkansas
Division III
Opinion delivered December 3, 2003

*Steven R. Jackson*, for appellant.

*Penix & Taylor*, by: *Stephen L. Taylor*, for appellee.

A NDREE LAYTON ROAF, Judge. This appeal arises from post-divorce efforts by appellant Lisa Hill DeChaine to collect an unpaid child-support arrearages judgment from appellee Samuel Hill after their minor child reached the age of majority. The sole issue on appeal is one of statutory interpretation — whether subsections (a) and (c) of Ark. Code Ann. § 9-14-235 (2002) are mutually exclusive so that the prior use of subsection (a) precludes the use of other collection methods authorized by subsection (c). The trial court ruled that the two sections were mutually exclusive and prohibited appellant from collecting the child-support arrearages by any means other than collection of a $100 monthly payment previously ordered pursuant to subsection (a). Because we hold that subsections (a) and (c) are not mutually exclusive, we reverse and remand.

The parties were divorced in September 1986, with appellant being awarded custody of the parties' minor child and appellee was ordered to pay child support of $28 per week. In September 1992, appellee was found to be in arrears for child support, and appellant was granted judgment in the sum of $11,563.21, representing child support, interest, and attorney's fees and costs. In October 1993, the parties jointly petitioned the trial court to modify the divorce decree to provide for appellee to have custody of the minor child during the school year and for appellant to have custody of the child during the summer months. An order was entered on October 25, 1993, modifying the decree as sought and providing that neither party would pay the other party child support and that appellee would pay $100 per month on any accrued child-support arrearages. The order did not determine the amount of any arrearages. The parties' child reached the age of majority on February 16, 2002.

On May 3, 2002, appellant filed a petition seeking to hold appellee in contempt for nonpayment of child support and a judgment for the unpaid sums. A show-cause hearing was held on June 11, 2002, and both appellee and his attorney failed to appear. The trial court found that appellee was in willful contempt and that, after credit for payments made, appellee owed appellant $21,184.86 in unpaid child support and interest from the 1992 order.

On July 3, 2002, appellee filed an Arkansas Rule of Civil Procedure 60(a) motion to set aside the June 18, 2002, judgment, alleging that appellee's counsel failed to properly docket the hearing date. After a hearing, the trial court entered an order on September 3, 2002, modifying the June 18 order by finding that appellee was not in willful contempt. The trial court left unchanged the finding that appellee owed arrearages of $21,184.86, and appellee was ordered to pay $100 per month to satisfy the arrearages.

On September 11, 2002, appellant served appellee with post-judgment interrogatories and requests for production of documents seeking information about appellee's financial holdings as well as his three most recent income-tax returns. Appellee responded by objecting to each interrogatory or request for production by stating that "[appellee] objects to this interrogatory. The Court has previously ruled that the arrearages are to be paid by [appellee] at $100 per month and [appellant] did not appeal the Court's order. Furthermore, [appellant] has already filed a petition for contempt to enforce such order." Appellant filed a motion to compel discovery on October 23, 2002.

At the hearing on the motion to compel, the parties argued the applicability of section 9-14-235(c). Appellant argued that the statute was applicable, and appellant could pursue other remedies, while appellee argued that it did not apply because appellant chose to collect the arrearages through contempt proceedings. The trial court stated that it was his intention that the $100-per-month payment would be the only method of satisfying the arrearages. The trial court granted the motion to compel discovery, requiring appellee to answer the post-judgment interrogatories and requests for production by December 13, 2002. The trial court also ordered appellant not to take other steps to collect on the judgment until after receipt of the discovery answers. The trial court provided that, if appellant was not satisfied with the discovery, she could file a petition seeking to collect the arrearages through other means.

Appellant filed such a petition, alleging that she should be allowed to use sections 9-14-230, 9-14-231, 9-14-233 and 9-14-235 to collect the judgment and that, if she were not allowed to do so, her ability to collect the arrearages would be prejudiced. At the hearing, appellee testified that he was a self-employed painter and the sole support for his wife and son. He stated that his adjusted gross income from 1999 was $12,807; from 2000, it was $9,193; and from 2001, it was $8,621. He stated that his affidavit of

financial means listed expenses of $4,796.25 per month and annual income of $8,621 in 2001. He testified that, in 2001, he took out -a loan from Arkansas National Bank in the amount of $180,000 to build a house and that his house payment is approximately $1,100 per month. Appellee testified that his wife receives $20,000 per year from a $1,000,000 trust fund from her grandmother but that the grandmother was not obligated to give the funds every year and that this money is used to make the house payments and to pay other expenses. Appellee stated that he could afford to pay only $100 per month on the child-support arrearages. He admitted that he had other assets that could be sold to pay off the arrearages. Appellee stated that he could not make his current monthly payments. Appellee testified that the land on which his house is situated is worth $45,000 and that nothing is owed on the land.

The trial court denied appellant's motion from the bench, repeating its statement from the December 3 hearing that the $100 per month was intended to be the only means of satisfying the judgment. The trial court stated that it appeared that subsections (a) and (c) of Ark. Code Ann. § 9-14-235 are contradictory. The trial court relied on *Office of Child Support Enforcement v. Tyra*, 71 Ark. App. 330, 29 S.W.3d 780 (2000), as the only interpretation of section 9-14-235 and stated that *Tyra* held that it was the trial court's discretion to determine how the arrearages are paid. The trial court also noted that appellant was in a financially embarrassed position and was a candidate for bankruptcy. In addition, the trial court stated its belief that, when appellant filed her contempt action on September 23, 2002, she chose her remedy and was prevented from seeking satisfaction in any other manner. This appeal followed.

Appellant argues one point on appeal — that the trial court erred in prohibiting her from collecting a judgment for child-support arrearages in the same manner as provided for the collection of other judgments.

■■ The standards governing our review of a traditional equity case are well established and did not change as a result of the enactment of Amendment 80. *Lewellyn v. Lewellyn*, 351 Ark. 346, 93 S.W.3d 681 (2002). Although we review equity cases *de novo* on the record, we do not reverse unless we determine that the trial court's findings were clearly erroneous. *Anderson v. Holliday*, 65 Ark. App. 165, 986 S.W.2d 116 (1999). A trial court's finding of fact is clearly erroneous when, although there is evidence to

support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Lammey v. Eckel*, 62 Ark. App. 208, 970 S.W.2d 307 (1998). In reviewing a trial court's findings, we defer to the trial court's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). However, we do not defer to a trial court's conclusion on a question of law. *City of Lowell v. M & N Mobile Home Park, Inc.*, 323 Ark. 332, 916 S.W.2d 95 (1996). If the trial court erroneously applied the law and the appellant suffered prejudice as a result, we will reverse the trial court's erroneous ruling on the legal issue. *Id.*

This case involves the interplay between two subsections of the same statute, section 9-14-235, which provides in part:

> (a) If a child support arrearage or judgment exists at the time when all children entitled to support reach majority, . . . the obligor shall continue to pay an amount equal to the court-ordered child support, or an amount to be determined by a court based on the application of guidelines for child support under the family support chart, until such time as the child support arrearage or judgment has been satisfied.

> . . . .

> (c) Enforcement through income withholding, intercept of unemployment benefits or workers' compensation benefits, income tax intercept, additional payments ordered to be paid on the child support arrearage or judgment, contempt proceedings, or any other means of collection shall be available for the collection of a child support arrearage or judgment until such is satisfied.

The trial court relied on this court's decision in *Office of Child Support Enforcement v. Tyra, supra*, for its conclusion that, once the trial court ordered appellee to satisfy the arrearages by paying $100 per month, Ark. Code Ann. § 9-14-235(a) precluded appellant from utilizing other methods of collection. This reliance is misplaced because *Tyra* was not a case in which other methods of collecting unpaid support were at issue. Rather, the issue was whether section 9-14-235(a) authorized the trial court to allow the obligor to satisfy the arrearages by paying an amount less than the previously ordered support. This court held that the trial court "is

not entirely precluded from adjusting the amount as deemed warranted under the facts of a particular case, and this court will not disturb the [trial court's] decision to do so absent an abuse of discretion." *Tyra*, 71 Ark. App. at 335, 29 S.W.3d at 783 (quoting *Lovelace v. Office of Child Support Enfcm't*, 59 Ark. App. 235, 955 S.W.2d 915 (1997)). Neither *Tyra* nor *Lovelace* discussed section 9-14-235(c).

 ■ Instead, we believe that this case is controlled by *Sharum v. Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978). In that case, the mother obtained a judgment for child-support arrearages in the amount of $3,096. The trial court ordered that the current support and arrearages should be paid at a rate of $5 a month "and that execution was to be held in abeyance unless [the father] failed to make prompt payments each month." *Id.* at 59, 568 S.W.2d at 504. The *Sharum* court concluded that the trial court erroneously held execution on the judgment in abeyance. The supreme court characterized a judgment for past-due child-support payments as being like any other judgment, whether at law or equity. *Id.* Likening garnishment after a judgment to a form of execution, the court applied the general garnishment statutes to a final judgment for arrearage, concluding that:

> A court may not restrict the right of one parent to collect a judgment against the other for arrearages in child support payments by legal process; it may, however, if changed circumstances have rendered the payments inequitable, in its discretion, decline to enforce, by contempt proceedings, the payment of a greater sum than the circumstances warrant.

*Id.* at 62, 568 S.W.2d at 506 (citations omitted).

 ■ We realize that *Sharum* was decided before the enactment of Act 383 of 1989, which contained what are now sections 9-14-234 and 9-14-235. However, the supreme court followed *Sharum* in *Stewart v. Norment*, 328 Ark. 133, 941 S.W.2d 419 (1997), decided after Act 383. The *Stewart* court mentioned the fact that *Sharum* did not involve the remedies provided during the 1980s, such as income withholding, but did not find that fact distinguishing. Similarly to what the trial court did in the present case, the trial court in *Stewart* stated that "it was the Court's intention that the additional award of $20.00 every two weeks to be applied to the child support arrearage would be the sole and

exclusive method for the payment of the arrearage." *Id.* at 135, 941 S.W.2d at 420. The supreme court rejected an argument similar to appellee's argument in the present case as follows:

> The General Assembly has provided that an order for child-support arrearages is a final judgment subject to garnishment or execution until the order is modified or otherwise set aside. The fact that an order also provides for income withholding to satisfy accrued support arrearages is irrelevant in determining whether garnishment provides a viable alternative method for collecting the arrearage. This conclusion is supported by Ark. Code Ann. § 9-14-202 (Repl. 1993), which states that the remedies provided in the child-support enforcement subchapter "shall not be exclusive of other remedies presently existing," and by Ark. Code Ann. § 9-14-218(a)(1)(B) (Supp. 1995), which expressly provides that the use of income withholding in orders providing for child support "does not constitute an election of remedies and does not preclude the use of other enforcement remedies."

Id. at 136, 941 S.W.2d at 420.

 *Sharum* and Ark. Code Ann. §§ 9-14-234 and 9-14-235(a) and (c) are consistent with each other. Section 9-14-234(b) codifies the rule in *Sharum* that child support becomes a judgment when due and is subject to execution or garnishment. *Sharum* also provides that the trial court does have some discretion in setting the payments on the arrearage, as does section 9-14-235(a). Section 9-14-235(c) and *Sharum* both provide that a parent who is owed child-support arrearages may utilize other enforcement methods to collect the arrearages. This conclusion is supported by Ark. Code Ann. § 9-14-202 (Repl. 2002), which states that the remedies provided in the child-support enforcement subchapter "shall not be exclusive of other remedies presently existing."

 Reversed and remanded.[1]

PITTMAN and ROBBINS, JJ., agree.

---

[1] Appellant recognizes the trial court's discretion in setting the amount of monthly payments and does not challenge the trial court's setting the monthly payment at $100-per-month. However, the supreme court in *Sharum* noted that the $5-per-month payment in that case would not even satisfy the interest on the $3,096 judgment. In the present case, the $100-per-month payment will likewise not cover the interest on the arrearages.