Rita Faye Burkeen SEARS *v.* Michael Derwin BURKEEN Sr.; Regions Bank, Guardian of the Estate of Michael Derwin Burkeen Sr.; and Linda Darlene Burkeen, Guardian of the Person of Michael Derwin Burkeen Sr.; Richard S. Muse; and Lane, Muse, Armen & Pullen

CA 05-1337                                237 S.W.3d 521

Court of Appeals of Arkansas
Opinion delivered June 28, 2006

*Rieves, Rubens, & Mayton,* by: *Elton A. Rieves IV* and *Lawrence W. Jackson,* for appellant.

*Taylor, Halliburton & Ledbetter,* by: *Mark Ledbetter,* for appellees.

*Wood, Smith, Schnipper & Clay,* by: *John T. Vines,* for appellee Regions Bank.

SAM BIRD, Judge. This case involves writs of garnishment that appellant Rita Burkeen Sears caused to be issued in an attempt to collect a judgment for child-support arrearages of more than $73,000.00 owed to her by appellee Michael Derwin Burkeen Sr.,[1] her ex-husband. Sears appeals an order of the Garland County Circuit Court, entered on September 8, 2005, that limited to $25,300 the amount she could recover by garnishment, which was less than the $46,017.36 of Burkeen's money that was held by the garnishee. We hold that the Garland County Circuit Court erred in limiting the amount subject to garnishment to less than the entire amount of Burkeen's funds held by the garnishee, and we reverse and remand.

A detailed explanation of the factually complex background of this case is necessary to an understanding of our decision. The Burkeens obtained a divorce in Chancery Court of Hardeman County, Tennessee, in the early 1990s, and Burkeen was ordered in the divorce decree to pay child support. On November 11, 1992, Burkeen was injured in an accident at Wal-Mart, which led to almost a decade of litigation, including two appeals to the Arkansas Supreme Court. *See Wal-Mart Stores, Inc. v. Regions Bank Trust Dep't*, 356 Ark. 494, 156 S.W.3d 249 (2004); *Wal-Mart Stores, Inc. v. Regions Bank Trust Dep't*, 347 Ark. 826, 69 S.W.3d 20 (2002). In the meantime, Burkeen became delinquent in his child-support obligations, and on February 7, 2003, Sears obtained a judgment in Tennessee against him for $56,893.96 in child-support arrearages accrued through January 14, 2003, plus interest accruing thereon at the rate of 12% per annum. By a consent order dated and filed March 28, 2003, the Tennessee judgment was registered as a foreign judgment in the Garland County Circuit Court. The consent order contained a finding that, as of March 24, 2003, Burkeen's child-support arrearage was $58,352.94, including accrued interest.

On December 7, 2004, the Hardeman County, Tennessee, Chancery Court entered an "Agreed Order and Decree" that provided, in pertinent part, as follows:

---

[1] Throughout the lengthy history of this case, Michael Derwin Burkeen Sr. has been identified in a variety of legal proceedings, in some as a competent individual, *sui juris*, and in some as an incompetent ward with a duly-appointed guardian. For the purpose of simplification, throughout this opinion Michael Derwin Burkeen Sr. is denominated merely as Burkeen, whether he is being referred to in his individual capacity, in his capacity as a ward under guardianship, or to the guardianship estate.

Upon consideration of the pleadings, exhibits, agreement of the parties, and other matters before it, the Court **FINDS, ORDERS, ADJUDGES, AND DECREES:**

1. [Burkeen] shall pay directly to [Sears] the lump sum of $25,000 from the settlement proceeds in *Regions Bank v. Wal-Mart Stores, Inc.*, No. CIV-96-314 (Circuit Court, Garland County, Arkansas), which shall be credited against his current arrearage, immediately upon receipt of the settlement proceeds.

. . . .

3. [Burkeen] shall pay to [Sears] the sum of $50 per month toward his remaining arrearage and shall make such payments through the Circuit Court of Garland County, Arkansas. [Burkeen] shall immediately make such arrangements as are necessary to make such payments through the registry of the Circuit Court of Garland County, Arkansas, and shall be responsible for any fees and costs charged by the clerk. The first payment shall be due January 1, 2005, and each subsequent payment shall be due on the first day of each month thereafter.

4. [Sears] will not take any action to cause [Burkeen's] driving or any other license privileges to be revoked so long as [Burkeen] strictly complies with his [sic] all of his obligations under the terms of this decree.

5. Upon payment by [Burkeen] of the sum of $25,000 pursuant to paragraph 1 *and* [Burkeen] notifying this court and the Garland County Circuit Court of his current address, the court will dismiss [Sears's] petition for contempt by separate order without prejudice.

6. [Burkeen's] motion for relief from judgment is hereby dismissed without prejudice.

7. The judgment of this court dated February 7, 2003, remains in force and in place, subject to any credits that [Burkeen] receives toward his arrearages as a result of any payments he makes.

. . . .

On December 10, 2004, the Probate Court of Garland County entered an order approving the compromise settlement of Burkeen's claims against Wal-Mart and authorizing the dismissal

and release of those claims in consideration of Wal-Mart's payment of $160,000. This order also approved the payment of attorney's fees and expenses from the settlement proceeds and authorized other disbursements, "including the child support disbursement payment [sic] to Rita Sears." An exhibit to the order set forth the sums authorized to be distributed from the settlement proceeds, specifically including $25,000 to be distributed to Sears "under child support judgment."

Despite the December 7, 2004 Tennessee chancery court order directing that $25,000 be paid to Sears from the Wal-Mart settlement proceeds "immediately upon receipt," and the December 10, 2004 Garland County Probate Court order approving the settlement with Wal-Mart and authorizing the payment of $25,000 to Sears from the settlement proceeds, the $25,000 was not paid. On April 28, 2005, Sears caused writs of garnishment to be issued and thereafter served upon Burkeen's attorney, Richard S. Muse, individually, and on his law firm, Lane, Muse, Arman & Pullen (hereinafter referred to collectively as "the garnishees"), alleging that the garnishees were indebted to Burkeen or in possession of money belonging to him.

On May 5, 2005, the garnishees moved to quash the writs of garnishment, contending that, under the Tennessee court's December 7, 2004 Agreed Order and Decree, Sears was only entitled to $25,000 from the Wal-Mart settlement proceeds, plus $50 per month to be paid by Burkeen toward the remaining arrearage. The garnishees admitted that they held the $25,000 due to Sears "in trust." However, they contended that they were prevented from paying it to her because the Tennessee Office of Child Support had asserted a lien on the proceeds in a Tennessee proceeding, and they contended that the Tennessee court would decide to whom they should pay the $25,000 at a hearing scheduled during June of 2005. The garnishees also filed an answer to Sears's writs of garnishment on May 5, 2005, acknowledging that they held $46,017.36 from the Wal-Mart settlement for the benefit of Burkeen, and again asserting that Sears's rights to any of that money were limited by the terms of the December 7, 2004 Tennessee chancery court order.

Sears responded to the garnishees' motions to quash her writs of garnishment, denying that the December 7, 2004 Tennessee decree constituted a compromise settlement of her child-support claims against Burkeen, arguing that the Tennessee decree contained no release or waiver of her right to collect the child-

support judgment or limit her rights to undertake collateral efforts to collect the judgment, and arguing that the Tennessee decree, by its express terms, provided that Burkeen's child-support arrearages and the judgment against him were not affected by the December 7, 2004 order.

On June 13, 2005, the Garland County Circuit Court conducted a hearing on the motion to quash the writs of garnishment. Counsel for Burkeen argued that the writ should be dismissed because a hearing to be held in July in Hardeman County, Tennessee, would resolve "this whole issue." He explained that Sears had contacted social security disability as well as the Tennessee OCS to obtain satisfaction of the Tennessee court's December 7, 2004 order entitling her to a portion of the settlement proceeds in the personal-injury suit. Counsel stated, "The Tennessee Office of Child Support has filed a lien and served me with notice of a lien, saying you cannot pay Mrs. Sears this sum you agreed upon. It's illegal. You must pay us and we'll pay her." He argued that the December 7, 2004 order was *res judicata*, and that "from the standpoint of an *estoppel*, we settled the case against Wal-Mart on condition that we had everything resolved with Mrs. Sears. . . . So we have relied, to our detriment, settled the case, everything's worked out, it's twenty-five grand, and then other people have been brought into this to stop us."

Counsel for Sears noted that the December 7, 2004 agreed order specifically required "payment of a $25,000 lump sum immediately upon receipt of the settlement proceeds." He argued that the order had no release or mention of waiver, that the original arrearage judgment from Tennessee had been registered in Arkansas, that the motion by Tennessee OCS to set aside the December 7, 2004 order was not relevant to the writ of garnishment, that the Tennessee OCS lien was not effective in Arkansas, and that the money was located in Richard Muse's law firm. He noted that Sears currently was receiving $50 a month being withheld from Burkeen's social security. Citing *Stewart v. Norment*, 328 Ark. 133, 941 S.W.2d 419 (1997), he concluded that the writ of garnishment was collateral to the issues going on in Tennessee and was cumulative to the December 2004 order.

Burkeen's attorney responded that Sears would get her money after the matter was resolved in Tennessee. The court took the matter under advisement and announced that it would issue an opinion as soon as possible. Before the opinion was issued, further proceedings took place in Tennessee.

On July 18, 2005, a hearing was conducted in Tennessee chancery court on Sears's petition that the Burkeens be held in contempt and on the objection of Tennessee OCS to entry of the December 7, 2004 order as void. Counsel for Mr. Burkeen stated to the court:

> [T]he issue is whether or not my client, Mr. Burkeen, did what the Court instructed him to do. First of all, the Court said that you are to pay $25,000 from the settlement proceeds of this lawsuit, and that it is to be credited to what money he owes. So, we're not alleging that he doesn't owe more money after this $25,000 is paid. . . .
>
> The petitioning party says, "well, they didn't pay the $25,000." We couldn't, Your Honor, pay the $25,000 till the money came in. That was in December. As I understand it, the money came in after the first of the year. We received . . . some sort of notice from the State OCS that went into effect I think in January of that year. . . . The money is still there. The question is, do we pay it to OCS? We think we do. We think we have to. And it does not relieve my client of the additional amount that he owes. So I think he's not in contempt. . . . We know that when we get through here today that if he pays the $25,000, he's going to owe about forty something thousand dollars additional money to the State.

Ruling from the bench, the Tennessee court stated that the agreed order did not amount to a release of the entire child-support arrearage. The court stated that the agreement was binding as between the parties but had no effect on Tennessee's right to collect the $25,000 and any other money it could collect. The court ruled that payment of the $25,000 would constitute a showing that Burkeen was purged of contempt. The court specifically found that arrearage still existed in addition to the $25,000.[2]

On September 8, 2005, the Garland County Circuit Court issued its written order regarding the garnishees' motions to quash the writs of garnishment. The court found that the writs should not be quashed but that, pursuant to the December 7, 2004 agreed order and decree entered by the Tennessee chancery court, Sears's claim against the funds under the control of the appellees was

---

[2] The record on appeal contains a transcript but no written order of this Tennessee proceeding.

limited to $25,300. Sears was awarded judgment against the garnishees in the amount of $25,300. The appeal before us is taken from that order.

*Whether the trial court correctly limited Mrs. Sears's recovery to $25,300*

The agreed order and decree of December 7, 2004 required Burkeen to "pay directly to plaintiff the lump sum of $25,000 from the settlement proceeds, . . . which shall be credited against his current arrearage, immediately upon receipt of the settlement proceeds," as well as to pay "$50 per month toward his remaining arrearage" through the Garland County Circuit Court. Sears argues on appeal, as she did below, that she never agreed that Burkeen's payment of the $25,000 from the Wal–Mart settlement proceeds would constitute a release or waiver of his child-support arrearage or of her right to collect the child-support judgment from the settlement proceeds. She asserts that she should be permitted to levy and execute upon any of Burkeen's property and money that may be found, or to exercise any other remedy at her disposal, until the full amount of his arrearage is satisfied. She asserts that the arrearage exceeded $77,000 when her reply brief was filed on March 15, 2006.

Appellees accuse Mrs. Sears of forum shopping and maneuvering "to skirt a sister state's final ruling." They assert that her claim of entitlement to pursue an Arkansas garnishment is not a cumulative remedy. They assert that she is estopped to assert a claim to more than $25,000 of the settlement proceeds or is precluded from doing so by her "inconsistent" position in the matter, given that the intervening lien of Tennessee OCS was foreseeable to her as a recipient of aid from Tennessee and of the state's interest. They assert that the superior lien claim of Tennessee OCS on Sears's award prevents Burkeen from making any direct payment of the $25,000 to her, and that intervening claims, such as this lien, justify Burkeen's non-performance in order to prevent forfeiture or double payment. They assert that the Wal–Mart case "was settled by Burkeen in reliance upon a waiver by Sears of any further claim to the settlement proceeds and a release of her garnishment writ," and that Sears is estopped to now claim entitlement to all of his tort recovery.

Our decision in this case follows the guidance of our supreme court in *Stewart, supra*:

For her sole point on appeal, Stewart argues that the chancellor was clearly erroneous in finding that the income-withholding order entered on March 6, 1996, provided her with the sole and exclusive method of collecting on the judgment. In support of her argument, Stewart cites Ark. Code Ann. § 9-14-234(b) (Supp. 1995), which provides that any order that contains a provision for child-support payments shall be a final judgment subject to a writ of garnishment as to accrued installments until a party moves to set aside or modify the order.

> *The statutory language is clear. The General Assembly has provided that an order for child-support arrearages is a final judgment subject to garnishment or execution until the order is modified or otherwise set aside. The fact that an order also provides for income withholding to satisfy accrued support arrearages is irrelevant in determining whether garnishment provides a viable alternative method for collecting the arrearage.* This conclusion is supported by Ark. Code Ann. § 9-14-202 (Repl. 1993), which states that the remedies provided in the child-support enforcement subchapter "shall not be exclusive of other remedies presently existing" and by Ark. Code Ann. § 9-14-218(a)(1)(B) (Supp. 1995), which expressly provides that the use of income withholding in orders providing for child support "does not constitute an election of remedies and does not preclude the use of other enforcement remedies."

328 Ark. at 136, 941 S.W.2d at 420 (emphasis added).

We reject appellees' argument that it was impossible to pay Mrs. Sears the $25,000 as a lump sum and that Mrs. Sears should be estopped from attempting to recover the previous judgment of arrearage. Clearly, the December 7, 2004 Tennessee chancery court order contains no language to suggest that, by accepting $25,000 of the Wal-Mart settlement proceeds, Sears released the balance of the judgment or waived her right to collect it. While she could have agreed to receive only $25,000 from the Wal-Mart settlement in full satisfaction of her judgment, there is no language in the agreed order of December 7, 2004 that she did so. Nothing in the agreed order precludes her from exercising whatever legal remedies are available to judgment creditors in general for the collection of judgments. Sears's right to recover the entire amount of her judgment was in no way restricted by the Tennessee court's December 7, 2004 order, which expressly

provided that the court's February 7, 2003 judgment remained in effect, subject only to any credits applied for payments made by Burkeen.

The writs of garnishment here were nothing more than Sears's exercise of her lawful remedy to execute on $46,017.36 of Burkeen's money in the possession of his lawyers. Just as the withholding order in *Stewart, supra,* was not the payee spouse's sole remedy, the December 7, 2004 order that Sears was entitled to $25,000 of the settlement funds did not constitute an election of remedies that precluded her use of garnishment or any other lawful remedy to collect money belonging to Burkeen, such as the $46,017.36 held in the law firm's client trust account for his benefit. Clearly, under Arkansas law, an order for the payment of a portion of a judgment from a specific source does not prohibit the judgment creditor from also exercising other lawful means to pursue the full satisfaction of the judgment. *See Stewart, supra*; *see also* Ark. Code Ann. § 9-14-202 (Repl. 2002).

█ Nor are we persuaded that, because Tennessee OCS claims to have a lien against the Wal-Mart settlement proceeds, the garnishees were prevented from paying $25,000 to Sears as required by the December 7, 2004 agreed order. While it does appear from the transcript of the July 18, 2005 hearing that the Tennessee chancery court held that Tennessee OCS was not bound by the December 7, 2004 agreed order, the effect of that holding was to merely recognize that Tennessee OCS claimed a lien that was not affected by the parties' agreement. However, other than the bare assertion by the garnishee's attorney that the garnishees have been served by Tennessee OCS with notice of a lien, there is nothing in the record before us to indicate that Tennessee OCS has taken any action to enforce its lien in the Garland County Chancery Court, which is the court with jurisdiction over Burkeen's funds that are the subject of Sears's garnishment. In the absence of Tennessee OCS's intervention in Garland County Chancery Court to enforce its lien, there is no such lien to be enforced in this proceeding.

We affirm the trial court's denial of the motions to quash the writs of garnishment, but we reverse its ruling that Sears's garnishment is limited to only $25,300, and we remand to the trial court for the entry of judgment in favor of Sears consistent with this opinion. Because the garnishees did not file a cross-appeal, we will not address their contention that the trial court's order should be

reversed in part to show that Burkeen is current with his $50 monthly child-support payments.

Finally, we note that Regions Bank has filed a brief in which it has renewed its motion that it be dismissed as a party to this appeal.[3] On January 25, 2006, we denied a similar motion. However, in view of the foregoing disposition of this appeal, we agree with Regions that it has no interest whatsoever in the conflict that is the subject of this appeal, and we grant its motion.

Affirmed in part; reversed and remanded in part; motion by Regions Bank granted.

VAUGHT and ROAF, JJ., agree.

---

[3] The personal-injury claim was brought against Wal-Mart by Linda Burkeen, individually and as guardian of the person and estate of Michael Burkeen. Regions Bank was substituted prior to trial as guardian of the estate. *See Wal-Mart Stores, Inc. v. Regions Bank Trust Dep't*, 347 Ark. 826, 69 S.W.3d 20 (2002), n.1.