

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-16-727

| | | |
|---|---|---|
| SANDRA MURPHEY | | **Opinion Delivered:** March 15, 2017 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JDR-15-832] |
| DONALD FULLER | | |
| | APPELLEE | HONORABLE MELISSA BRISTOW RICHARDSON, JUDGE |
| | | DISMISSED WITHOUT PREJUDICE |

## RITA W. GRUBER, Chief Judge

Appellant Sandra Murphey appeals from an order of the Craighead County Circuit Court entered April 28, 2016, establishing paternity over her then seventeen-year-old daughter.[1] The court also ordered the child's father, appellee Donald Fuller, to pay biweekly child support in the amount of $420.17 until the child graduated from high school in May 2016; awarded judgment for retroactive child support in the amount of $106,434.88; ordered the retroactive child support to be payable at a rate of 20 percent of the "current child support amount due and owing"; and ordered payment on the arrearage to continue after May 2016 at the rate of $500 per month until paid in full. Appellant does not challenge the amount of the court's judgment for the child-support arrearage. Appellant's sole point on appeal is that the trial court erred in prohibiting her from collecting the judgment for the child-support

---

[1]The child was born on May 4, 1998.

arrearage in the same manner as provided for the collection of other judgments. We dismiss the appeal because appellant's point is not ripe for our review.

Appellant filed the paternity action on October 14, 2015; appellee filed an answer admitting paternity; and the trial court held a bench trial on February 19, 2016 regarding amounts of child support and retroactive child support due. Appellant argues that the court erred in restricting the manner in which she may collect the judgment and in refusing to adopt her proposed precedent, which included the following provision: "[T]he judgment shall otherwise be collectable and accrue interest in accordance with applicable law." In support of her argument, she cites Arkansas Code Annotated sections 9-14-202, 9-14-218(a)(1)(B), and 9-14-235 (Repl. 2015) and *Hill v. Hill*, 84 Ark. App 132, 134 S.W.3d 6 (2003). She argues that those statutes, and this court's interpretation of those statutes, essentially provide that child support becomes a judgment when due and is subject to execution and that, while the trial court has some discretion in setting a payment schedule, a parent who is owed a child-support arrearage may utilize other enforcement methods to collect the arrearage. *See Hill*, 84 Ark. App. at 140, 134 S.W.3d at 11; Ark. Code Ann. § 9-14-202; § 9-14-218; § 9-14-235(a), (b).

We hold that appellant's argument is not ripe for our review. There was neither testimony nor argument before the trial court regarding the method or manner of payment and collection of any child-support arrearage. All evidence and argument surrounded the amount of child support due. The trial was held on February 19, 2016, and the court filed a letter opinion on March 7, 2016. The court explained in detail its findings, including

payment of the arrearage at a rate of $500 per month after the current child-support obligation ceased in May 2016. It appears that counsel for both parties then presented separate proposed precedents, identical except for the added provision in appellant's counsel's order which provided that the judgment "shall otherwise be collectable and accrue interest in accordance with applicable Arkansas law."

While it may be true that appellant is entitled under the law to pursue other enforcement methods to collect the arrearage, she has not used the judicial process in an attempt to do so here. Unlike *Sharum v. Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978) (reversing trial court's order holding execution in abeyance), or *Stewart v. Norment*, 328 Ark. 133, 941 S.W.2d 419 (1997) (reversing trial court's order finding periodic payments was the exclusive method of collecting arrearage), the court's order here does not appear to specifically prohibit appellant from pursuing other enforcement methods. Further, the scope of the evidence, law, and judicial discretion involved in such an attempt is not before us. Thus, the issue raised on appeal is not sufficiently developed to permit judicial review. Accordingly, we dismiss the appeal.

Dismissed without prejudice.

VIRDEN and WHITEAKER, JJ., agree.

*Ford & Cook, PLC*, by: *Paul N. Ford*, for appellant.

*Robert S. Tschiemer*, for appellee.