Terry JONES *v.* Barbara BILLINGSLEY

04-1162                                        211 S.W.3d 508

Supreme Court of Arkansas
Opinion delivered June 30, 2005

*Chaney Taylor, Jr.*, for appellant.

*Tom Allen*, for appellee.

JIM HANNAH, Chief Justice. Appellant Terry Jones appeals from an order of the Independence County Circuit Court, Second Division, awarding a judgment for past-due child support to Barbara Billingsley. On appeal, Jones argues that the circuit court erred (1) in denying his motion to transfer to the proper court where there was a previous order in effect, and (2) in granting a judgment against him for past-due child support where his sole source of income

was supplemental security income (SSI) from the Social Security Administration. This case comes before this court on a petition for review of a decision by the Arkansas Court of Appeals. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(e).

On July 10, 1995, Judge Stephen Choate of the Independence County Chancery Court ordered Jones to pay $112.70 per month in child support to Billingsley, beginning in July 1995. The child support was based on Jones's monthly $451 SSI check. Though decided in July 1995, the order was not entered until March 21, 1996. Subsequently, on March 26, 1996, Jones filed a motion to vacate the order of child support, arguing that the order violated federal law and was inconsistent with the Arkansas Child Support Chart. Billingsley responded to the motion; however, no order was entered, and Jones did not file an appeal.

On April 29, 2003, Billingsley filed a petition for judgment alleging that Jones had not paid any child support from July 1995 through April 2003, and was in arrears in the amount of $10,593.80. The case was assigned to the Second Division of the Independence County Circuit Court. On June 6, 2003, Jones filed a motion to transfer the case to Judge Choate's court on the basis that the parties had been before Judge Choate on numerous occasions, that he was familiar with the parties, and that a transfer would be in the interest of judicial economy. Billingsley responded that the action was a civil action for a money judgment, that transfer would not be in the interest of judicial economy, that the issue was simple, and that there was no reason to transfer the case. On August 29, 2003, Jones filed a counterclaim, arguing that his only source of income was SSI, that SSI is not subject to collection of child support, and that he was entitled to reimbursement of any funds taken from him since the date that he was approved for SSI.[1]

The trial court entered an order on October 6, 2003, granting Billingsley judgment in the amount of $10,816 for past-due child support, plus interest in the amount of $4,867.20, and attorney's fees in the sum of $1500. The trial court found that Jones had been ordered to pay child support in the amount of $112.70 per month, and "that there is no evidence before the court that said order was modified." The trial court found that Jones's defense that "[SSI] income is not subject to the collection

---

[1] Though Jones argued below that he was entitled to reimbursement, he does not raise that issue in this appeal.

of support" was "untenable." In addition, the trial court ordered that Jones was liable for July 2003 and August 2003 child support, which amounted to $225.40. The total amount of child-support arrearages and interest was $15,908.60. Jones's motion for transfer was denied, as was his counterclaim. The trial court noted that although the case was submitted on Billingsley's motion for judgment on the pleadings, Jones had the opportunity to offer evidence in court, but declined to do so.

Jones appealed his case to the Arkansas Court of Appeals. The court of appeals affirmed. *See Jones v. Billingsley*, 88 Ark. App. 131, 195 S.W.3d 380 (2004). Jones petitioned this court for review of the court of appeals' decision, and we granted the petition. When this court grants a petition for review of a decision by the court of appeals, we review the appeal as though it had originally been filed in this court. *Lewellyn v. Lewellyn*, 351 Ark. 346, 93 S.W.3d 681 (2002).

*Motion to Transfer*

Jones first contends that the trial court erred in denying his motion to transfer the case from the Second Division, Judge Harkey's division, to Judge Choate's division. This argument is based on the fact that in 1991, Chancellor Carl McSpadden entered an order transferring the case to the court of Judge Choate. Jones suggests that the present case was improperly before Judge Harkey and, therefore, the trial court erred in denying his motion to transfer.

The transfer order to which Jones refers states, "Comes now the court and for good cause shown transfers this case to the court of the Honorable Stephen Choat[e] where all matters of custody may be decided as to the child of the marriage, subject to Judge Choate's approval to transfer." At the hearing below, Jones's counsel argued that the case should be transferred because of this order and because Judge Choate had handled the case for twelve years. Billingsley's counsel responded that it was a simple case with one issue — whether Jones owed child support pursuant to a court order. Judge Harkey apparently agreed with Billingsley and denied the motion to transfer.

Jones argues that "[f]ailure to transfer the case to the proper court, particularly in light of a motion to transfer that was filed by Appellant and a previous order transferring the case, only encourages judge-shopping and permits parties and attorneys to select a judge, within a particular judicial circuit, that they think might

afford them relief." To support this argument, Jones cites *Seeco, Inc. v. Hales*, 334 Ark. 134, 140, 969 S.W.2d 193, 196 (1998), where we stated, "This court has long adhered to a firm and unwavering policy against 'judge-shopping' by attorneys, and we will not abide an orchestrated effort to force a judge's removal from a case." Jones's argument is wholly without merit. This case was originally a First Division case. The 1991 order transferring the case is captioned "Order Transfer[r]ing Case to Second Division." After the case was transferred to the Second Division, Billingsley filed her petition for judgment in that division. As a result of her petition, the case was reopened, retaining the same case number and remaining in the same division. Judge Harkey is the judge in the Second Division.[2] Once the case is in the Second Division, it is within the Second Division judge's discretion to transfer or not transfer the case.

The standard of review on appeal of a denial of a motion for transfer is the same as in cases of judicial disqualification, which is whether the trial judge abused his or her discretion. *Osborne v. Power*, 318 Ark. 858, 890 S.W.2d 570 (1994) (setting forth standard or review in a judicial-disqualification case). We cannot say that the trial court abused its discretion in denying Jones's motion to transfer.

### Past-Due Child Support and SSI

Jones next argues that the trial court erred in awarding Billingsley a judgment for past-due child support because his sole source of income was SSI benefits. In support of this argument, he cites *Davis v. Office of Child Support Enforcement*, 341 Ark. 349, 20 S.W.3d 273 (2000). In that case, we held that Arkansas courts cannot order child-support payments based on income from federal SSI disability benefits. *Id.* at 358, 20 S.W.3d at 278. We stated:

> We hold, however, that although SSI comes within the definition of income for child-support purposes, it is not subject to state court jurisdiction. Congress has made no sovereign immunity exception for non-remunerative federal benefits such as SSI. Hence, those benefits remain free from "execution, levy, attachment, garnishment, or other legal process."

*Id.*, 20 S.W.3d at 278.

---

[2] The case could not have been assigned to Judge Choate, as he is no longer the Second Division judge; rather, he is now the Third Division judge.

Jones argues that "[t]he language used by the *Davis* court clearly indicates that SSI benefits are not subject to state court child-support orders." He adds that "[c]onsequently, the order granting [Billingsley] judgment for past-due child support is erroneous, contrary to Arkansas and federal law and therefore should be reversed."

■ Here, the order of support was made in 1995 and entered in 1996, prior to the ruling in *Davis, supra.* Pursuant to Ark. Code Ann. § 9-14-234 (Repl. 2002), a support order shall be a final judgment subject to writ of garnishment or execution as to any payment accrued until the time either party moves through proper motion to set aside, alter, or modify the support. The court may not set aside, alter, or modify any decree, judgment, or order which has accrued unpaid support prior to the filing of the motion. *See* Ark. Code Ann. § 9-14-234(c) (Repl. 2002).

■ Billingsley contends that this support order is enforceable because Jones made no motion to modify, set aside, or alter the order. We disagree with Billingsley's assertion that Jones made no motion to modify, set aside, or alter the order; however, we agree with Billingsley's contention that the support order is enforceable. The record reflects that Jones filed a timely motion to vacate the support order on March 26, 1996. The record contains no order on the motion. Where the circuit court neither grants nor denies a motion to vacate, within thirty days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty days from that date. Ark. R. App. P.—Civ. 4(b)(1). No notice of appeal was ever filed; accordingly, the support order remains in effect and is enforceable. At no time subsequent to the filing of the motion to vacate in 1996 has Jones contended that the support order should be vacated; thus, the issue of whether the support order should be vacated is not before us.[3]

■ What is before us in this appeal is whether the trial court erred in entering a judgment on past-due child support. Jones contended in his counterclaim that Billingsley's petition for

---

[3] We note that in addition to finding that Jones owed past-due child support from July 1995 to June 2003, the trial court also ordered Jones to pay child support for July 2003 and August 2003. Jones does not raise the issue of whether our decision in *Davis* should have applied to support awarded after the filing of his answer.

judgment should be denied because his only source of income is SSI benefits and that income is not subject to collection of support. In this case, the trial court did not order that child support be paid from SSI benefits. Rather, it found that Jones was indebted to Billingsley for past-due child support arrearages. The arrearages were based on the 1996 order that has not been modified, altered, or set aside. In entering judgment for past-due child support, the trial judge was not attempting to levy or execute on the SSI benefits. That issue was not before the trial court, nor is it before this court now. The trial court simply reduced the past-due child support to judgment. We find no error.

Affirmed.