Sam N. JOHNS *v.* Carole Hoke JOHNS

CA 07-1036

286 S.W.3d 189

Court of Appeals of Arkansas
Opinion delivered June 25, 2008

*Woodruff Law Firm, P.A.*, by: *Jennifer E. Woodruff*, for appellant.

*Reid, Burge, Prevallet & Coleman*, by: *Richard A. Reid* and *Jeremy M. Thomas*, for appellee.

KAREN R. BAKER, Judge. Appellant, Sam N. Johns, appeals from an order of the Mississippi County Circuit Court finding that he willfully and contemptuously failed to pay the child-support arrearage and a second order sentencing him to 180 days in the Mississippi County Jail. Mr. Johns has two arguments on appeal. First, Mr. Johns argues that the trial court erred in finding him in contempt for failing to pay child support when the action was barred by the statute of limitations because the youngest child was more than twenty-three years of age when the motion for contempt was filed. Second, Mr. Johns argues that the trial court erred in finding him in contempt for not making payments on a child-support arrearage when the order from which Ms. Johns sought contempt did not direct or require him to pay a certain amount. We disagree with Mr. Johns's arguments and affirm.

The parties were divorced on July 24, 1981. Mr. Johns was ordered at that time to pay child support. As of June 29, 1982 — less than one year after the child-support order was entered — Mr. Johns was in arrears on his child support. In November 1986, another order was entered granting judgment against Mr. Johns in the sum of $14,340 plus interest at the rate of ten percent per annum. On July 6, 1995, an order was entered directing Mr. Johns to pay $200 per month in child support and an additional $100 per

month toward his arrearage. On May 6, 1999, an order was entered determining Mr. Johns's arrearage, as of March 4, 1999, to be $40,337.81. This order also denied Mr. Johns's statute-of-limitations defense and denied Mr. Johns's request for a reduction in the monthly amount of $300.

On June 7, 1999, the trial court entered an order acknowledging the court's previous order of May 6, 1999, where Mr. Johns was found to be in contempt and was given until May 28, 1999 to pay $5,000 or be incarcerated for 180 days; denying Mr. Johns's motion for reconsideration; finding that Mr. Johns remained in willful violation of a prior court order despite his ability to pay; and granting Mr. Johns's motion to stay only upon the condition that he post a cash bond in the amount of $5,000.

On April 7, 2006, Ms. Johns filed a motion for contempt. In that motion, Ms. Johns alleged that Mr. Johns ceased making payments on the child-support arrearage in March 2005 and that he should be held in contempt for his willful refusal to comply with court orders regarding payment on the arrearage. Mr. Johns filed a response to Ms. Johns's motion for contempt on June 15, 2006, alleging specifically that the action to collect the prior judgment was barred by the statute of limitations.

On June 4, 2007, the court entered an order finding that Mr. Johns willfully and contemptuously failed to pay the child-support arrearage; that Mr. Johns's explanation for refuting the amount of child support was not credible; and that sentencing was delayed in order to allow Mr. Johns to purge himself of contempt by payment of $15,000 by June 8, 2007, and the payments of the balance of the arrearage in installments of not less than $500 per month until the arrearage, principal and interest was paid in full. Mr. Johns filed a notice of appeal from the June 4 order.

On July 13, 2007, the trial court entered an order finding that Mr. Johns did not appear for sentencing; finding the testimony to be that Mr. Johns had not purged himself of the arrearage and debt; and sentencing Mr. Johns to 180 days in the Mississippi County Jail. Mr. Johns also filed a notice of appeal from the July 13 order.

The May 6, 1999 judgment provided that Mr. Johns owed an arrearage of $40,337.81 and directed him to continue to pay as previously ordered by the court the sum of $300 each month to cure the arrearage. Mr. Johns argues that the contempt action filed April 7, 2006, seeking enforcement of the 1999 judgment, was

barred by the statute of limitations, because the parties' youngest child was older than twenty-three years of age when the 2006 contempt action was filed.

The statute relied upon by Mr. Johns states in pertinent part that "[i]n any action involving the support of any minor child or children, the moving party shall be entitled to recover the full amount of accrued child support arrearages from the date of the initial support order until the filing of the action." Ark. Code Ann. § 9-14-236(b) (Repl. 2008). The "initial support order" is "the earliest order, judgment, or decree entered in the case by the court or by administrative process that contains a provision for the payment of money for the support and care of any child or children." Ark. Code Ann. § 9-14-236(a)(3). The statute defines "accrued child support arrearages" as "a delinquency owed under a court order or an order of an administrative process established under state law for support of any child or children that is past due and owing." Ark. Code Ann. § 9-14-236(a)(1). An "action" is defined as "any complaint, petition, motion, or other pleading seeking recovery of accrued child-support arrearages." Ark. Code Ann. § 9-14-236(a)(2). The action for collection of child-support arrearages, however, may only be brought "at any time up to and including five (5) years beyond the date the child for whose benefit the initial child support order was entered reaches eighteen (18) years of age." Ark. Code Ann. § 9-14-236(c).

■ Mr. Johns's reliance on this statute of limitations, however, is misplaced. Here, Ms. Johns was not bringing an action to recover accrued child-support arrearages from an initial support order. Rather, she was seeking enforcement of a judgment, and therefore, a separate statutory provision applied. *See* Ark. Code Ann. § 9-14-235 (Repl. 2008). That provision provides that "[i]f a child support arrearage or *judgment* exists at the time when all children entitled to support reach majority . . . the obligor shall continue to pay an amount equal to the court-ordered child support . . . until such time as the child support arrearage or judgment has been satisfied." Ark. Code Ann. § 9-14-235(a) (emphasis added). A "judgment" is defined as "unpaid child support and medical bills, interest, attorney's fees, or costs associated with a child support case when such has been reduced to judgment by the court or become a judgment by operation of law." Ark. Code Ann. § 9-14-235(e). Thus, it is this section governing the collection of judgments that is applicable, and not the section relied upon by Mr. Johns, which governs actions for

child-support arrearages from an initial support order. Accordingly, Ms. Johns may seek enforcement of the judgment without regard to the statute of limitations relied upon by Mr. Johns. Further, our interpretation is born out by *Malone v. Malone*, 338 Ark. 20, 991 S.W.2d 546 (1999). There, the Arkansas Supreme Court held that Ark. Code Ann. § 9-14-235 "imposes no limitations on the enforcement" of child-support judgments. *Id.* at 26, 991 S.W.2d at 550.

■ Moreover, to interpret Ark. Code Ann. § 9-14-236 to encompass enforcement of judgments would lead to absurd results. If we were to interpret the statute so as to preclude enforcement of judgments after the child has turned twenty-three years old, then certain persons may be inclined to not satisfy the judgment and wait until the child's twenty-third birthday to avoid paying the judgment. Moreover, as previously discussed, this would conflict with Ark. Code Ann. § 9-14-235. We do not interpret statutes so as to reach an absurd conclusion that is contrary to legislative intent. *See, e.g., Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003).

Mr. Johns also asserts that the trial court erred in finding him in contempt for not making payments on a child-support arrearage when the order from which Ms. Johns sought contempt did not direct or require him to pay a certain amount. The disobedience of any valid judgment, order, or decree of a court having jurisdiction to enter it may constitute contempt. *Gatlin v. Gatlin*, 306 Ark. 146, 811 S.W.2d 761 (1991). The general rule is that before a person may be held in contempt for violating a court order, that order must be in definite terms as to the duties thereby imposed and the command must be expressed rather than implied. *Id.* We will not reverse a trial court's finding of civil contempt unless that finding is against the preponderance of the evidence. *Rogers v. Rogers*, 80 Ark. App. 430, 97 S.W.3d 429 (2003).

■ There is nothing indefinite about Mr. Johns's monthly child-support obligation. As of May 6, 1999, there was an outstanding arrearage of child support in the amount of $40,337.81 and the court had previously issued an order directing Mr. Johns to pay the sum of $300 per month, thereby denying his request that the $300 per month payment be reduced. In a June 4, 2007 order, the court found that Mr. Johns had ceased his monthly payments in March 2005, although he acknowledged to the court that he was aware of the May 6, 1999 order. The court found that he willfully

and contemptuously failed to pay the child-support arrearage, which as of the June 4 order totaled $46,714.52, with Mr. Johns having paid only $24,300 on the arrearage. Mr. Johns offered no explanation except that he thought he did not owe anything. This is not a case where Mr. Johns misunderstood his obligation due to an indefinite order; it is simply a case of his failure to fulfill his obligation to cure the arrearage on past-due child support. The trial court provided Mr. Johns with repeated opportunities to purge himself of the contempt; however, Mr. Johns did not take advantage of the court's offering. Therefore, the trial court's determination that Mr. Johns was in contempt was not against the preponderance of the evidence.

Affirmed.

HART and HEFFLEY, JJ., agree.