2009 Ark. App. 175

**Henry Wayne MILLS, Appellant,**

v.

**Henry MILLS, Appellee.**

No. CA 08–555.

Court of Appeals of Arkansas.

March 11, 2009.

Sanford Law Firm, PLLC, by: Josh Sanford, Russellville, for appellant.

Kenneth A. Hodges, Russellville, for appellee.

RITA W. GRUBER, Judge.

Appellant Henry Wayne Mills, the twenty-two-year-old son of appellee Henry Mills, intervened in an existing domestic-relations case between his parents to collect unpaid child support on his own behalf. He appeals the trial court's order awarding him a judgment in the amount of $13,018.80, which amount includes an attorney's fee of $1,100.50 and court costs of $100. The trial court also ordered that interest shall accrue on the judgment at a rate of ten percent per annum. Appellant brings two points on appeal: first, the trial court erred in awarding interest from the date the petition to collect child support was filed rather than from the date the child support should have been paid; and second, the trial court abused its discretion in granting the statutory minimum in attorney's fees. We reverse and remand for the trial court to recalculate the amount of interest due to appellant, but we find no abuse of discretion with regard to the court's award of attorney's fees.

## Interest

We turn to appellant's first point on appeal: interest awarded. The amount of interest due on unpaid child support is governed by statute. *See* Ark.Code Ann. § 9–14–233(a) (Repl.2008). We review a trial court's interpretation of a statute de novo, as it is for the appellate courts to decide what a statute means. *Baker Refrigeration Sys., Inc. v. Weiss*, 360 Ark. 388, 201 S.W.3d 900 (2005).

Appellant contended in the trial court that Ark.Code Ann. § 9–14–233(a) required the trial court to award interest on the unpaid child support from the date that it should have been paid. The trial court rejected appellant's argument and awarded interest on the unpaid child support from the date appellant filed his petition to collect the unpaid support. The trial court agreed in the hearing that the statute provided that interest accrued when the child support became due; however, the court determined that the language in section 9–14–233(a) was not mandatory, and it found such a calculation of interest was not equitable in the case before it because of the delay between the time the support became due and the time appellant filed his petition.

There are two questions before this court: what does the language in the statute mean, and is this language mandatory? Arkansas Code Annotated section 9–14–233(a) provides that "[a]ll child support that becomes due and remains unpaid shall accrue interest at the rate of ten percent (10%) per annum *unless the owner of the judgment or the owner's counsel of record requests prior to the accrual of the interest that the judgment shall not accrue interest.*" [1] The basic rule of statutory construction is to give effect to the intent of the legislature. *Great Lakes Chem. Corp. v. Bruner*, 368 Ark. 74, 82, 243 S.W.3d 285, 291 (2006).

---

1. This provision was initially enacted in 1989, and the italicized portion of the statute was added in 2001 by Act 1248.

Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible.

*Id.* (internal citations omitted).

█ The language in the statute before us states that interest shall accrue at the rate of ten percent per annum on "[a]ll child support that becomes due and remains unpaid." This statute governs actions to collect unpaid child support; it does not govern the enforcement of earlier judgments that have already been entered. Unpaid child support becomes due on the date the initial child-support order requires it to be paid, not on the date a petition is filed to collect it. *See, e.g., Sharum v. Dodson,* 264 Ark. 57, 60, 568 S.W.2d 503, 505 (1978) (stating that entitlement to payment of child-support installments vested as they accrued). We explained the difference between an action to collect accrued child-support arrearages and an action to enforce a judgment in *Johns v. Johns,* 103 Ark.App. 55, 286 S.W.3d 189 (2008).

In *Johns,* Ms. Johns had obtained judgments in 1982, 1995, and 1999 for unpaid child support owed by Mr. Johns. In 2006, Ms. Johns filed a motion for contempt against Mr. Johns for refusing to make payment on these arrearages and sought to enforce the 1999 judgment. Mr. Johns argued that Ms. Johns's action was barred by the statute of limitations because the youngest child was more than

twenty-three years old when the motion for contempt was filed in 2006. He argued that Ark.Code Ann. § 9–14–236(c) (Repl. 2008) only allowed actions for the collection of child-support arrearages to be brought "any time up to and including five (5) years beyond the date the child for whose benefit the initial child support order was entered reaches eighteen (18) years of age."

We held that Mr. Johns's reliance on this statute of limitations was misplaced because Ms. Johns was not bringing an action to recover accrued child-support arrearages from an initial support order but, rather, was seeking enforcement of a judgment, which was governed not by Ark. Code Ann. § 9–14–236 but by Ark.Code Ann. § 9–14–235. The court defined "accrued child support arrearages" as "a delinquency owed under a court order or an order of an administrative process established under state law for support of any child or children that is past due and owing." *Johns,* 103 Ark.App. at 58, 286 S.W.3d at 191 (citing Ark.Code Ann. § 9–14–236(a)(1)). Citing Ark.Code Ann. § 9–14–235(e), the court defined a "judgment" as "unpaid child support and medical bills, interest, attorney's fees, or costs associated with a child support case when such has been reduced to judgment by the court or become a judgment by operation of law." *Id.*

█ In 1989, at the time Ark.Code Ann. § 9–14–233(a) was first enacted, a statute governing the accrual of interest on a judgment already existed.[2] Arkansas Code Annotated section 16–65–114 provides that interest on a judgment entered by a court shall bear interest at ten percent per annum. This statute has been in effect for judgments enforcing child-sup-

---

**2.** We note that Ark.Code Ann. § 9–12–309(c), found in the chapter on divorce and annul-

ment, contains identical language to Ark.Code Ann. § 9–14–233(a) and was in effect in 1989.

port arrearages since long before 1989. *See, e.g., Sharum,* 264 Ark. at 62, 568 S.W.2d at 506 (citing Ark. Stat. Ann. § 29–124—the predecessor to Ark.Code Ann. § 16–65–114—and stating that there is no question that the judgment for child-support arrearages bore interest at ten percent per annum). We find it difficult to believe that the legislature would have enacted a statute in 1989 simply to maintain the status quo and authorize something that had already long been the law regarding interest on judgments without even mentioning the word judgment. Rather, Ark.Code Ann. § 9–14–233(a) was aimed not at judgments but at the actual child-support arrearage—that is, at the "child support that becomes due and remains unpaid"—just as the plain language of the statute indicates.

Indeed, while not in issue in these cases, it appears that both this court and the supreme court have affirmed circuit court decisions awarding interest from the date the child support became due and remained unpaid rather than from the date the petition to collect the unpaid support was filed. *See, e.g., Jones v. Billingsley,* 363 Ark. 96, 98, 211 S.W.3d 508, 510 (2005) (awarding judgment for past-due child support of $10,816, plus interest of $4,867.20); *Brandt v. Brandt,* 103 Ark. App. 66, 70, 286 S.W.3d 202, 205 (2008) (requiring circuit court to recalculate past-due child support and noting that "appropriate interest amounts should then be based upon these recalculations," citing Ark.Code Ann. § 9–14–233(a)).

■ We now turn to the second question: is it mandatory that the circuit court award this interest? The language in the statute provides as follows: "[a]ll child support that becomes due and remains unpaid *shall* accrue interest at the rate of ten percent (10%) per annum *unless* the owner of the judgment or the owner's counsel of record requests prior to the accrual of the interest that the judgment shall not accrue interest." Ark.Code Ann. § 9–14–233(a) (emphasis added). Our supreme court has consistently held that the use of the word "shall" means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to an absurdity. *Ramirez v. White County Circuit Court,* 343 Ark. 372, 380, 38 S.W.3d 298, 303 (2001). The statute states that all child support that becomes due and remains unpaid *shall accrue interest* unless the owner of the judgment or the owner's counsel of record requests prior to the accrual of the interest that the judgment not accrue interest. In this case, the owner of the judgment has not so requested; the legislature's intent for unpaid child support to accrue interest is not an absurdity; and thus we hold that the statute required the circuit court to award interest on the unpaid child support from the time that it became due and remained unpaid, not from the date the petition was filed. We therefore reverse and remand for entry of an order consistent with this opinion.

### Attorney's Fees

■ Appellant's second point on appeal is that the circuit court abused its discretion by awarding the statutory minimum in attorney's fees and that it violated his right to due process because it failed to afford him a hearing on this issue. We turn first to appellant's contention that his right to due process was violated. First, it is unclear whether appellant is arguing that his right to due process under the United States Constitution or under the Arkansas Constitution or under both has been violated. Further, he has failed to mention of what life, liberty, or property interest he has been deprived by the circuit court's alleged failure to afford him a

hearing on the proper amount of attorney's fees due to his attorney. Finally, he provides no convincing argument and no authority to show that the fees awarded to his attorney implicate appellant's right to due process. We will not consider an argument, even a constitutional one, if appellant makes no convincing argument or cites no authority to support it. *Hendrix v. Black*, 373 Ark. 266, 283 S.W.3d 590 (2008).

We now turn to appellant's assertion that the circuit court abused its discretion in awarding the statutory minimum in attorney's fees. We will not set aside an award of attorney's fees absent an abuse of discretion by the circuit court. *Calvert v. Estate of Calvert*, 99 Ark.App. 286, 288, 259 S.W.3d 456, 459 (2007). Arkansas Code Annotated section 9–14–233(b) (Repl.2008) states that the circuit court "shall award a minimum of ten percent (10%) of the support amount due or any reasonable fee, including a contingency fee approved by the circuit court, as attorney's fees in actions for the enforcement of payment of support provided for in the order." At the hearing, appellant's attorney argued that his client should be made whole with regard to attorney's fees and that appellant was paying his attorney one-third of the judgment collected. In spite of this, the circuit court awarded ten percent of the support due as an attorney's fee. The statute does not require the court to award a contingency fee. It gives the judge the discretion to award either "ten percent (10%) of the support amount due" or "any reasonable fee." We hold that the circuit court did not abuse its discretion.

Reversed and remanded in part; affirmed in part.

PITTMAN and BAKER, JJ., agree.