
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–701

| | | |
|---|---|---|
| DANA SHINN | | **Opinion Delivered** April 20, 2016 |
| | APPELLANT | |
| V. | | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. DR–2012-1149] |
| MIKE SHINN | APPELLEE | HONORABLE JASON ASHLEY PARKER, JUDGE |
| | | AFFIRMED |

## RITA W. GRUBER, Judge

This case arises out of divorce proceedings between Dana and Mike Shinn. While the case was pending, the Shinns entered into a separation agreement, which was accepted by the Lonoke County Circuit Court and incorporated by the court into an order entered on September 27, 2013. The separation agreement provided in part that Dana would live in the marital residence—which was owned by a trust benefitting their disabled, adult daughter, Ashten—so long as Ashten remained in the home. Dana agreed not to have any roommates unless the parties approved in writing. The court entered an order finding Dana in contempt for having roommates and ordered her to vacate the home. Dana appeals, arguing that the circuit court was without jurisdiction over the residence because neither she nor Mike holds any interest in the property and, therefore, it is not part of the marital estate. We find no error and affirm the court's order.

The parties do not dispute the facts. They have an adult daughter, Ashten, who is disabled. The residence at issue in this case is owned by a trust set up for Ashten's benefit. Neither party has an interest in the home, and no marital funds were used to purchase the home.

On December 6, 2012, Mike filed a complaint for divorce against Dana. While proceedings were pending in the case, on September 20, 2013, the parties entered into a separation agreement to settle the property rights between them. Among other things, the agreement provided that Dana would have "use and possession" of the residence so long as Ashten lived in the home or Dana remarried (in the event of a divorce between the parties). Mike agreed to pay the electric bill, butane bill, taxes and insurance, and any major expenses and repairs to the residence. Dana agreed not to have any roommates at any time while she resided in the home "unless otherwise agreed to by the parties in writing." On September 27, 2013, the circuit court entered an order accepting the separation agreement and incorporating it into its order.

On February 24, 2014, Mike filed a motion for contempt, alleging that Dana had violated the parties' separation agreement by having roommates and requested that she be ordered to vacate the residence. On April 10, 2015, the court held a hearing.[1] Mike testified that Dana's stepdaughters, Whitney and Kristin; their husbands; and a family friend, Dwayne Thompson, had been living in the residence. He admitted that he had allowed Ashten's fiancé, Michael Dibbons, to stay in the residence to help take care of Ashten.

---

[1]The hearing was on Mike's motion for contempt and Dana's counterclaim for divorce.

Michael Dibbons testified that he had been living in the residence for about seven months with Mike's permission. He said that he moved in to help take care of Ashten, that they planned to get married, and that he paid $400 monthly rent to Dana. He expressed concerns regarding Dana's ability to provide care for Ashten because Dana drank to the point of intoxication "from the time she woke up to the time she went to bed." He said Kristin and her husband had moved in and moved out several times before he moved in and while he had been there. He also said that Dwayne Thompson had lived in the residence on occasion.

Dana testified that she and Mike were Ashten's guardians and that she was concerned about Michael's ability to get Ashten to all of her medical appointments. She did not testify at all regarding Mike and Michael's testimony about roommates at the residence.

The circuit court entered a decree of divorce on May 15, 2015, awarding a divorce on Dana's counterclaim. The court found that the parties had entered into a separation agreement that was incorporated into the divorce decree. The court found that, pursuant to the agreement, the parties agreed that Dana could have "use and possession" of the residence with Ashten but could not have roommates. The court determined that the testimony indicated that multiple people had lived in the home without the agreement of the parties, that Dana had violated the agreement, and that she was in contempt. The court ordered her to vacate the residence within ninety days.

On appeal, Dana contends that the circuit court had no jurisdiction over the residence in this case because neither she nor Mike have an interest in the property. Therefore, she argues, the court erred in ordering her to vacate the home. Specifically, she claims that the

residence is owned by a trust and there is no evidence that marital funds have been used either to purchase or improve the home. Because the residence is not marital property, she argues, the court did not have authority to make a ruling pertaining to it.

Dana is mistaken. The circuit court's authority derives from the parties' separation agreement, which they freely entered into. The agreement provides in pertinent part as follows:

> It is the intention of the parties that this Agreement constitutes a full and complete settlement of all property rights both real, personal and mixed accruing to them by said marriage and that the terms of this Agreement be incorporated into any decree of divorce which may be entered or is contemplated to be entered in the event that a divorce action is commenced and the parties hereby petition the Court to give this Agreement the full force and effect of a decree of the Court.

As contemplated by the parties, the agreement was incorporated into an order entered by the court on September 24, 2013, and into the divorce decree on May 15, 2015. Its terms are part of the court's September 2013 order and its divorce decree.

The agreement very clearly states that Dana agreed not to have roommates unless the parties agreed in writing. There is no evidence of a written agreement authorizing roommates. Both Mike and Michael testified that various people other than Ashten, Dana, and Michael had lived in the residence. Dana did not testify otherwise. The court found that Dana had violated the language of the agreement and was thus in contempt, and it ordered her to vacate the home. We will not reverse a circuit court's finding of civil contempt unless that finding is against the preponderance of the evidence. *Johns v. Johns*, 103 Ark. App. 55, 59, 286 S.W.3d 189, 192 (2008). We hold that the court's finding is not clearly against the preponderance of the evidence.



Affirmed.

GLOVER and BROWN, JJ., agree.

*Charles D. Hancock*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Traci LaCerra*, for appellee.