Cite as 2024 Ark. App. 117

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV-23-120

| | |
|---|---|
| STATE OF ARKANSAS OFFICE OF CHILD SUPPORT ENFORCEMENT | **Opinion Delivered** February 21, 2024 |
| APPELLANT | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [No. 14DR-10-199] |
| V. | |
| BERNARD MILNER | HONORABLE MARY THOMASON, JUDGE |
| APPELLEE | REVERSED AND REMANDED |

## BRANDON J. HARRISON, Chief Judge

The Office of Child Support Enforcement (OCSE) is charged with enforcing child-support orders issued by the courts of this state—and child-support orders issued in other states that have been registered here. Ark. Code Ann. § 9-17-103(b) (Repl. 2020). OCSE appeals from an order refusing to enter judgment against Bernard Milner for an arrearage of nearly $15,000 and nearly $18,000 in interest under a registered support order from Alaska. The Columbia County Circuit Court denied OCSE's motion, finding that Milner owed no further support for the children or to the State of Alaska, and his child-support obligation "has been completely satisfied."

Those sound like findings of fact. But on this record, which included undisputed evidence of Milner's obligations and payments that demonstrated he was in arrears, the court must have concluded the arrearage was no longer collectable under the law the Uniform

Interstate Family Support Act (UIFSA), Ark. Code Ann. §§ 9-17-101 *et seq.*, required it to apply. The court raised concern about the statute of limitations, and OCSE briefed that issue below. We give the court's conclusions of law no deference in our de novo review. *E.g.*, *Office of Child Support Enf't v. Gaddie*, 2010 Ark. App. 676.

The Alaska support order registered in the circuit court in September 2010 was the second modification of a support order issued in 1995. When OSCE began these enforcement proceedings in February 2022, the twins Milner had been ordered to support were twenty-six years old and doing well for themselves. Milner himself was homeless, living with his brother. His support obligation was last calculated in 2004, based on his earnings at Cooper Tire. He lost the job in 2009 or 2010 and never earned as much again. This might have been good cause for Milner to ask the Child Support Enforcement Division of Alaska's Department of Revenue (CSED), which issues child-support orders in that state, to modify and reduce his support obligation to fit his income.[1] But he never did. With few exceptions, none of which apply here, retroactive modification is not allowed. Alaska R. Civ. P. 90.3(h)(2). And even at Cooper Tire, the payments withheld from his wages did not cover the full monthly obligation Alaska had assessed, because support for two other children was also being withheld.

If an Arkansas court had entered this support order, OSCE's attempt to collect the arrearage might have been too late. Under section 9-14-236(c) (Repl. 2020) of the Arkansas Code, child-support arrearages can be recovered only until the child for whom support was

---

[1]Alaska Stat. § 25.27.190. The responsible entity is named the Child Support Services Agency by statute. Alaska Stat. § 25.27.010. For reasons that remain unclear, but don't matter, the agency is referred to as the Child Support Enforcement Division.

ordered turns twenty-three. But for a *registered foreign support order*, UIFSA requires applying the limitation period of the enforcing state or the issuing state, *whichever is longer.* Ark. Code Ann. § 9-17-604(b). And the limitation period in Alaska for collecting missed child-support payments is "essentially an unlimited time period." *Harper v. Harper*, 2014 Guam 9 ¶ 24 (holding that attempt to register Alaska support order was timely under UIFSA, applying Alaska law).

The principal case OCSE relies on is *Alaska Dep't of Revenue v. Dean*, 902 P.2d 1321 (Alaska 1995). By statute, "[a] support order ordering a noncustodial parent obligor to make periodic support payments to the custodian of a child is a judgment that becomes vested when each payment becomes due and unpaid." Alaska Stat. § 25.27.225. That arrearage is considered a "judgment," though it is entered by CSED, an administrative agency, because like a court judgment it is not subject to retroactive modification. *Dean*, 902 P.2d at 1323.

Alaska law provides CSED a variety of administrative remedies, and unlimited time, to collect an arrearage without going to court. *Alaska Dep't of Revenue v. Gerke*, 942 P.2d 423, 426 (Alaska 1997). CSED can go to court, too, and move to reduce the arrearage to judgment under Alaska Stat. § 25.27.226. *E.g.*, *Williams v. Williams*, 252 P.3d 998 (Alaska 2011). But the Alaska Supreme Court held that section 226 proceedings were "in aid of enforcement of a judgment which was already in existence," akin to executions, which in Alaska can be initiated after five years only by court order. *Dean*, 902 P.2d at 1324 (citing Alaska Stat. § 09.35.020).

Under UIFSA, the collection procedures and remedies are provided by the law of the state where the support order is registered. Ark. Code Ann. § 9-17-604(c); *see also*

3

*Harper*, 2014 Guam 9 ¶¶ 26 & 28 (holding that Guam statute of limitation on executions would govern proceedings to enforce judgment). And in Arkansas, as we noted in *Johns v. Johns*, there are "no limitations on the enforcement of child-support judgments." 103 Ark. App. 55, 58–59, 286 S.W.3d 189, 191–92 (2008). In fact, section 9-14-235(d) allows enforcing a child-support judgment until it is satisfied, including through contempt proceedings, and defines a "judgment" to include unpaid support and interest when it "has been reduced to judgment by the court *or become a judgment by operation of law*." (Emphasis added.) Milner's accumulating arrears became a judgment by operation of Alaska law, though they had not been "reduced to judgment" in either Alaska or Arkansas. *Compare McWhorter v. McWhorter*, 2009 Ark. 458, at 6–7, 344 S.W.3d 64, 68–69 (discussing distinction between arrearages that have or have not been reduced to judgment). OSCE's attempt to enforce the arrearage in Arkansas was therefore timely.

The judgment is reversed, and the case is remanded to the circuit court to enter judgment for the unpaid support and interest owed, and for further proceedings consistent with this opinion.

Reversed and remanded.

ABRAMSON and HIXSON, JJ., agree.

*Gil Dudley*, for appellant.

One brief only.